[Crim. No. 149.  First Appellate District.—February 1, 1909.]

THE PEOPLE, Respondent, v. GEORGE W. LAVERTY, Appellant.

CRIMINAL LAW—ARSON—PLEA OF ONCE IN JEOPARDY—VERDICT OF GUILTY—FINDING UPON PLEA IN COURT—FAILURE TO OBJECT—ABSENCE OF ERROR.—Under an indictment for arson in the first degree, to which defendant pleaded not guilty and once in jeopardy, and under which the jury returned only a verdict of guilty, and were instructed as to the necessity of passing upon the plea, without stating how they were to find, whereupon they proceed in open court to find a verdict against the pleas, to which defendant did not object nor except, and the court, after the finding, polled the jury thereupon, no error could be predicated upon the facts.

ID.—INSUFFICIENT PLEA—PROOF NOT SHOWN IN RECORD.—Where the record shows that the plea of once in jeopardy was insufficient in not stating the court in which the jeopardy was claimed to attach, and the record shows no evidence introduced under the plea, the defendant, in addition to his failure to object, is in no position to assign error in the mode of finding made upon the plea.

ID.—EVIDENCE—OBJECTION TO IMMATERIAL QUESTIONS UNANSWERED.—It will not be held error to overrule objections to immaterial questions not answered.

ID.—INSTRUCTION PROPERLY REFUSED—BURDEN OF PROOF AS TO OWNER-
SHIP OF BURNED BUILDING—IDENTIFICATION OTHERWISE.—The court
properly refused a requested instruction to the effect that the prose-
cution has the burden to prove the ownership of the building burned
as alleged in the indictment, as a material element in the offense
charged. It was not necessary to prove such alleged ownership, pro-
vided the house was otherwise described sufficiently for purposes of
identification, and was otherwise identified by the evidence.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial. J. R.
Welch, Judge.

The facts are stated in the opinion of the court.

Wm. H. Johnson, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for
Respondent.

COOPER, P. J.—The indictment charges the defendant
with the crime of arson for having willfully and feloniously,
in the night-time, set fire to and burned a certain building,
described in the indictment, in which there were human be-
ings, said building being alleged to have been then and there
the property of one Frederick Brown.

The defendant interposed the plea of not guilty, and a fur-
ther plea of once in jeopardy. After a full and fair trial the
jury found against him on each of said pleas, and returned a
verdict finding him guilty of arson in the first degree. De-
fendant made a motion for a new trial, which was denied.
This appeal is from the judgment, and from the order deny-
ing his motion for a new trial.

It is not claimed that the evidence is insufficient to sustain
the verdict; but certain alleged errors are assigned, the most
plausible of which we will notice.

The first point urged is that the verdict in favor of the
people upon the plea of once in jeopardy was rendered by
means other than of a fair expression on the part of the jurors.
The record shows that when the jury returned with its ver-
dict of guilty it did not return a verdict upon the plea of
once in jeopardy. Upon being informed by the judge of the
court that such verdict had not been returned, the foreman
replied that by reason of the verdict it had found the jury

did not deem it necessary to pass upon the plea of "once in jeopardy." The judge thereupon informed the jury that it was necessary so to find, and the foreman then and there in open court, by consent of the jurors, signed a verdict finding in favor of the people on the issue of "once in jeopardy." The jury was thereupon polled by direction of the court. Each juror stated that the verdict as returned was his verdict. No objection was made to the jury returning the verdict in open court without retiring, and no exception was taken. No intimation was in any way given to the jury by the judge as to how it should find upon the issue of "once in jeopardy." It follows that no error could be predicated upon the above facts.

We have discussed the alleged error on its merits, although the record shows that the plea of "once in jeopardy" did not state the court in which the jeopardy is claimed to have attached, and fails entirely to show that any evidence was introduced by defendant in proof of the plea.

There was no error committed in overruling the defendant's objection to the question asked of the witness Orvis as to whether or not the defendant informed witness of a prior chattel mortgage at the time of the execution of the note and chattel mortgage to the witness. The witness did not answer the question, but replied that the mortgage itself so stated. Conceding that the subject matter of the chattel mortgage was immaterial, the defendant made no objection to the witness testifying as to a chattel mortgage being given to him, and the evidence shows nothing further on the subject. It would be highly technical and unreasonable for us to hold that the court erred in overruling an objection to a question as to an immaterial matter when the question was never answered.

The same may be said as to defendant's objection which was overruled to the question asked of the witness Rose, as to whether or not the defendant said anything to the witness the morning after the fire about paying witness some money. Although the objection was overruled, the witness did not answer it. In fact, the record does not show that the witness testified to anything or that he gave any testimony in any manner.

It is claimed that the court erred in refusing the following instruction asked by defendant: "The burden is upon the prosecution to prove every material element of the indictment,

and the element of ownership of the building destroyed is a material element of the offense in this case, and if you are satisfied that there is no proof of the ownership of the building, alleged to have been burned by Mr. Laverty, by Mr. Frederick W. Brown on the day of the fire, he being alleged to have been such owner on the day of the fire, in the indictment in this case, then in that event it is your duty to find him not guilty.'' It was not necessary for the prosecution to prove the ownership as alleged in the indictment, provided the house was otherwise described sufficiently for purposes of identification, and otherwise identified by the evidence. (Pen. Code, secs. 447, 448, 449, 452; *People* v. *Hanley,* 100 Cal. 370, [34 Pac. 853] ; *People* v. *Shainwold,* 51 Cal. 469.)

It is not necessary to notice other alleged errors.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.