No. 27,654.

The State of Kansas, *Appellee,* v. Elmer Cary, *Appellant.*

(257 Pac. 719.)

SYLLABUS BY THE COURT.

1. Rape — *Statutory Rape—Evidence Sufficiency.* In a prosecution for statutory rape the evidence considered and held sufficient to sustain the verdict and judgment.

2. Same — *Instructions.* The instructions considered and held to have fairly stated the law of the case.

3. Criminal Law — *Review — Questions Not Presented to Trial Court.* Error cannot be predicated upon the failure of the trial court to give special instructions where no request was made therefor and the question is raised for the first time on appeal.

4. Same—*Verdict — Amendment in Court.* Where the jury returned a verdict finding the defendant guilty on the "one" count, it was not error for the trial court to permit the verdict to be amended in open court showing that the jury meant to find the defendant guilty on the "first count."

5. Same—*Generally.* Various alleged errors considered and held not to require a reversal.

Appeal from Cowley district court; Oliver P. Fuller, judge. Opinion filed July 9, 1927. Affirmed.

*Tom Pringle, J. T. Boyle, W. L. Cunningham* and *D. Arthur Walker,* all of Arkansas City, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *H. V. Howard,* county attorney, and *George McNeish,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The defendant appeals from a conviction of statutory rape. He was charged in four counts with having had intercourse with a girl under the age of eighteen years, three on the —— day of December, 1925, and one on the —— day of January, 1926. The complaining witness, Esther Englis, was a girl fifteen years old who had known the defendant about three years. Both lived in Arkansas City. It would serve no useful purpose to detail the evidence. It was substantially to the effect that the complaining wit-

Appeal and Error, 2 R. C. L. 75. Criminal Law, 16 C. J. p. 1050 n. 84; 17 C. J. pp. 50 n. 48, 64 n. 3, 65 n. 11, 80 n. 77, 89 n. 70, 368 n. 5. Indictments and Informations, 31 C. J. p. 841 n. 4. Rape, 33 Cyc. pp. 1453 n. 10, 1486 n. 12, 1501 n. 12.

ness visited at defendant's house; that he took her home in his auto-mobile, and that on various occasions from about the middle of December until sometime in January he frequently met her and took her southeast of Arkansas City to the 140 Foot Hill, where intercourse was had between them. There was substantial testimony for the defendant that he was seen at home and other places and otherwise engaged at the various times mentioned. However, the complaining witness testified in specific detail to the instances when she was with him and had intercourse, and her testimony was believed by the jury. On behalf of the defendant it is contended that the complaining witness admitted that she had no act of intercourse with him on the first night that he took her out, and that, therefore, there was no evidence to substantiate the verdict of guilty on count one. The difficulty with this contention is that the information alleged "on the —— day of December, 1925," and that the state was not requested nor required to rely on any specific time for conviction. It had a right to rely on any and all the instances in December and any time within two years prior thereto. There was evidence upon which the jury might have found defendant guilty on more than one count for the month of December. In our opinion it was ample to sustain the verdict and judgment.

Defendant contends that the court erred in its instructions on reasonable doubt and failed to instruct concerning defendant's presumption of innocence or the burden of proof. The state contends and the record discloses no complaint of instructions given, or request made for other or further instructions at the time they were submitted. The question was not called to the trial court's attention on the trial nor at the hearing of the motion for new trial, but is raised for the first time on appeal. Under the circumstances defendant is hardly in position to press the alleged errors. On the trial of criminal cases attorneys for defendants are in court for the purpose of protecting their clients in every legitimate way. They should not lie in wait to catch the court in error for the purpose of obtaining reversals, but should claim every right of their clients at the proper time as the trial progresses. After the verdict and before judgment, all rulings made during the trial supposed to be prejudicial to the defendant should be called to the attention of the trial court on the hearing of the motion for new trial. (See *State v. Clough*, 70 Kan.

510, 79 Pac. 117; *State v. O'Brien,* 114 Kan. 703, 220 Pac. 208, and cases cited.)

"The rule has been frequently announced by this court, and should be applied here, that whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court he must raise that point in such clear and simple language that the trial court can understand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." (*State v. Bell,* 121 Kan. 866, 869, 250 Pac. 281.)

While the court might properly have elucidated some of the questions covered by the instructions, considered as a whole they fairly stated the law of the case.

After deliberation the jury returned their verdict, finding the defendant guilty on the "one" count. The judge inquired of the jury in open court what it meant in saying "one" count and was informed by the members thereof that they meant "the first count." Upon such information the court had the foreman of the jury in open court and in the presence of the jury write in the space where it said "one," "the first count." Then the verdict as signed by the foreman was passed to the clerk and read, after which the court inquired of each and all the jurors if the verdict as read was the verdict of the jury, and received from all of them affirmative answers. It is contended that the verdict finally filed and recorded was not the verdict of the jury, but the verdict of the trial judge; that the jury did not deliberate on the verdict as finally filed and did not agree thereon. The objection, highly technical, cannot be sustained. It was perfectly apparent that the jury in finding the defendant guilty on "one" count, meant "count one" or the "first count."

Various objections have all been considered, but we find no error which would warrant a reversal.

The judgment is affirmed.