## JACK RUSSELL v. STATE.

No. A-6319.   Opinion Filed Sept. 29, 1928.
(270 Pac. 339.)

S. H. Singleton and J. W. Osmond, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county on a charge of murder, and was sentenced to life imprisonment in the state penitentiary.

The first contention is that there is no sufficient corroboration of the accomplice who testified as a witness for the state. This assignment requires a brief summary of the testimony, both of the accomplice and that in corroboration. In February, 1926, in the nighttime, W. T. Myers and James Buckner were traveling the highway in a truck about 15 miles east of Duncan. A car containing three men passed them, and some one attempted to board the truck from the car, but did not succeed. The car preceded the truck a short distance and stopped. As the truck neared the car, three men were standing in the road, and a number of shots were exchanged between the party at the car and those in the truck. Jim Hendrix, one of the men with the car, was shot and killed, and Buckner, with the truck, was mortally wounded, and died a few days later. After the shooting, the parties with the car placed Hendrix therein, and he was taken to a doctor's office at Velma. Bob Stephens, an accomplice, was used as a witness by the state, and testified in substance that he and defendant Russell, Frank Ammons, and Jim Hendrix, about 8 or 9 o'clock in the evening of the homicide,

left a house about 3½ miles south of Alma in a Ford touring car; that they intended to hold up and rob some one on the highway between that point and the city of Duncan; that they were the parties who held up Myers and Buckner, for the purpose of robbing them, and that in so doing they shot and killed Buckner, and Hendrix of their party was killed by some one firing from the truck.

His testimony fully makes out the crime of murder, charged in the information. By his own testimony he is an accomplice of the defendant, and must be corroborated by other evidence tending to connect the defendant with the commission of the offense. Section 2701, Comp. St. 1921. W. T. Myers corroborates his testimony, and in some particulars tends to connect defendant with the commission of the offense. He says there were three parties at the car as he and Buckner approached in the truck; that they fired upon him and Buckner, and he returned the fire. Steve Webb testified that, on the night of the homicide, Stephens in a car came to his house at Alma late at night, and that he saw two men leave the car, go in the direction Stephens testified; and, while not able to identify them, heard them say, "Bob, get him a doctor as soon as you can." Harvey Brooks testified that on the night of the homicide he was at a house 3½ miles south of Velma; that Stephens, Russell, Ammons, and Hendrix were there when he got there; they left together after dark, but he stayed there all night; defendant Russell and Ammons returned there just before daylight; that defendant Russell and Ammons, after their return the next morning after the homicide, soon left the house. Stephens was arrested at Velma that night after bringing Hendrix to Dr. Rice.

C. M. Tillerson, undersheriff of Stephens county,

testified he heard defendant Russell, after his arrest, state to the county attorney that he had a .45 automatic pistol. The bullet taken from the body of Buckner was introduced in evidence in connection with this testimony, and, while not so stated, we assume it was a .45-caliber bullet.

Burel Henson testified that the next day after the homicide defendant Russell came to his house in Carter county and had two six-shooters on him. There are some other items of evidence incidentally and circumstantially corroborating in some slight particulars the testimony of Stephens.

The evidence then clearly may be said to disclose that, about 8 or 9 o'clock on the night of the homicide, four persons, including defendant, left a house together. About two hours later a shooting affray took place, in which one of the four and another person was killed. Three persons took the body of the fourth to the residence of one Webb, and two of them then left, leaving the third, who proved to be Bob Stephens, with the mortally injured fourth member of the party, telling him to take him to a doctor. Two of the members of the party then returned to the house from which the four had started, arriving there before daylight, and left early the next morning. At the trial, when this evidence was adduced, the defendant did not take the stand and offered no evidence. Surely these various circumstances sufficiently corroborate the testimony of the accomplice Stephens to satisfy the requirements of the law. It is well settled that evidence corroborating an accomplice need not directly connect the defendant with the commission of the crime, but is sufficient if it tends to connect him with it, and it need not be direct and positive, but may be circumstantial.

Next it is argued that the court erred in arraigning

defendant without his having the benefit of counsel. When defendant was arraigned under the information, he pleaded not guilty. At that time he had not employed counsel, and counsel was not assigned until 2 days later, which was 13 days before the trial. Section 2590, Comp. St. 1921, reads:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him."

Under this and other sections of the statute, a defendant charged with a felony is entitled to the' aid of counsel before he is arraigned, and, if necessary, counsel must be assigned by the court. This statute was not strictly complied with, but upon arraignment he entered a plea of not guilty. What more could counsel have done for him? He had the benefit of this plea throughout the trial. The counsel assigned him caused subpoenas to be issued in due time and represented him with ability. We are unable to perceive how the failure of the court to assign counsel before arraignment was prejudicial. Under the record before us, it was error without injury.

Complaint is next made that the court erred in refusing the application of defendant for a commission to take the deposition of Ora Russell, wife of defendant, at Victoria, Tex. Section 2853, Comp. St. 1921, and following sections, provided for the taking of depositions by a defendant in a criminal case. The application, omitting the formal part, is as follows:

"Comes now Jack Russell, being first duly sworn, on oath says: That he is the defendant in the above-entitled cause, and that he is therein charged by information with the crime of murder, and that he has

entered his plea of not guilty thereto on this day, and that the issues in said cause have been joined, and that the testimony of Mrs. Jack Russell is material to the defense of this action, and that she resides out of the state of Oklahoma, to wit, Victoria, Texas; and that process cannot be legally served upon her. Wherefore affiant prays that he be permitted to take depositions of said witness."

The recital in this application erroneously states that it is made on the day the plea of not guilty was entered. The plea was on April 5. The application was filed the day the case was called for trial, April 20. To have granted it at that time required a continuance. The defendant had a right to take and use the deposition of a nonresident witness, but the right is subject to limitations. The application for a commission must be seasonably made, and, where there is delay in making it, it cannot serve as a means of procuring a continuance. The application also must state facts from which the court or judge to whom made may be satisfied of the truth of the fact stated, and determine whether the examination of the witness is necessary for the attainment of justice. Section 2855, Comp. St. 1921. The mere legal conclusion that the testimony of the witness is material to the defense states no fact from which the court may satisfy himself that the examination is necessary.

When the application was presented, the state objected. The court stated that, if proper application was made, the case would be continued until the deposition was taken. Counsel for the state objected to the sufficiency of the application, contending that there was no showing of the materiality of the testimony of the absent witness, and requested the court to require defendant to state the facts he claimed the absent witness would testify to, in order that the state might admit it as the testimony of the absent witness. Counsel

for defendant then stated that the witness Ora Russell would testify that defendant was with her on the night of the homicide. The state then consented that such statement might be used as a deposition of the absent witness. Defendant excepted to this offer by counsel for the state. It also appears from the record that one Jack Dunn, Johnnie Dunn, a boy named Kinkade, and others were at the house from which the parties in the car started on the night of the homicide, and that Jack Dunn was present in court, and was not called as a witness to testify. Under the entire record, the ruling of the court was without material error.

In the case of Ennis v. State, 13 Okla. Cr. 675, 167 P. 229, L. R. A. 1918A, 312, it was held:

"When an application for continuance for sufficient time to take the depositions of nonresident witnesses is made in accordance with these provisions, it is error to deny the same if the showing made discloses the materiality of the testimony and the necessity of the same to fairly present the defense of the accused, unless on appeal it appears from the record that the facts sought to be established were available from other witnesses within the jurisdiction of the court, or that the application was intended merely to delay the proceedings and not in order that justice might be done.

"When an application for continuance to take depositions complies in all particulars with the statute, and when the showing made clearly entitles the accused to take the depositions, and no issue is made by the state that the testimony is not essentially material to the defense of the accused, a postponement or a continuance should be allowed, and proper orders made by the court for the taking of the depositions as provided, unless counsel for the state offer to admit that the absent witnesses would testify to the facts set out in the application, and that such application could be read in evidence in lieu of the depositions sought."

Some contention is also made that the court erred in overruling defendant's application for a continuance, and in not giving him a reasonable time to prepare for trial. The application wholly fails to conform to the requirements of the statute, and the assignment is without merit.

It is next urged that the court admitted hearsay testimony prejudicial to defendant. This is directed to the testimony of witnesses Bailey and Toney, in substance that on the afternoon before the homicide they were informed that defendant and others were going that night into a shooting and highjacking deal on the road near Velma. This testimony violated the simplest rule of hearsay evidence and its admission was error. McRae v. State, 8 Okla. Cr. 483, 129 P. 71; Robbins v. State, 39 Okla. Cr. 289, 264 P. 841. We are at a loss to understand why counsel for the state would offer this testimony, and can account for it only on the view that, as the officers came upon the scene of the shooting soon after it occurred, his purpose was to explain their presence there at that time. It might properly have been shown that the officers had received information that caused them to be near the scene of the shooting, but to state particulars and connect defendant in this hearsay manner was highly improper.

Upon a consideration of the entire record before us, and in view of the fact that defendant did not take the stand, and offered no testimony in explanation of the circumstances shown, this error does not require a reversal. The hearsay statement by some third person to the officers could not reasonably have contributed to the verdict, and, while error, it does not require a reversal. 17 C. J. 332.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.