## GERTRUDE WIRE v. STATE.

No. A-10887.   June 2, 1948.

(194 P. 2d 212.)

Robert R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, Co. Atty., Oklahoma County, of Oklahoma City, for defendant in error.

BAREFOOT, P. J.   This is an appeal from the court of common pleas of Oklahoma county, wherein Gertrude Wire was tried and found guilty of the offense of illegal possession of intoxicating liquor, and sentenced to serve three months in the county jail, and pay a fine of $500. From this judgment and sentence, she has appealed.

The evidence reveals that, on December 6, 1946, about 10 o'clock in the forenoon, Jack Caldwell and Howard

Taylor, two city police officers assigned to liquor investigations, went to the Lincoln Inn, at 221 Northwest Tenth Street, in Oklahoma City, and there made a search of the premises, and as a result of the search found 608 pints of tax-paid whisky.

The officers first went to the living quarters of the defendant, who was the manager of the hotel, and served the search warrant. She came out into the hall with the officers, who looked under the door of room No. 100, which was directly across the hall from the living quarters of the defendant, and saw boxes in the room labeled whisky. The room was locked, and there was a key-plug in the lock. The officers asked the defendant for the key to the room, and she stated that the room was rented to a Mr. Smith and his wife, who were traveling, and she did not have the key. When the officers told her they could see whisky in the room, and it would be necessary for them to enter, she produced the key.

No question as to the validity of the search warrant is raised.

For a reversal of this case, counsel assigns two propositions. The first is:

"Where intoxicating liquor is found in a search by the officers and one is charged with unlawful possession thereof, and there is no positive evidence, either direct or circumstantial, connecting defendant with possession thereof, the evidence is insufficient to sustain a conviction of illegal possession of intoxicating liquor."

The two officers who made the search were the only witnesses testifying in this case.

Both officers testified that the room where the whisky was found did not have the appearance of being occupied. That the whisky was stacked in boxes on the

floor, some on the bed, and all over the room. They found men's clothing hanging in the room, and also a trunk and two suitcases. The defendant told them that the clothing and the trunk belonged to her husband, and the two suitcases belonged to her. One of the officers testified that the defendant denied owning the whisky.

The evidence of the state was sufficient to make a prima facie case requiring the submission of the issue of defendant's guilt to the jury. She was the manager of the hotel; she had the key to the room; clothing and a trunk belonging to her husband, and two suitcases belonging to her were in the room. Her statement to the officers that the room was rented by a Mr. Smith and his wife was weak, and was contradicted by the fact that she had the key to the room, and that the only personal effects therein belonged to her or to her husband.

This court is committed to the rule that it will not set aside the verdict of a jury on the ground that the evidence is not sufficient to sustain the conviction, unless the record affirmatively discloses that there is no competent evidence in the record upon which the verdict could be based. Brown v. State, 81 Okla. Cr. 314, 164 P. 2d 401; Todd v. State, 82 Okla. Cr. 424, 172 P. 2d 345.

It is further contended that the court committed reversible error "in admitting certain incompetent, irrelevant and immaterial and highly prejudicial testimony on the part of the state."

This contention is based upon the testimony of Howard Taylor, one of the officers who conducted the search. When testifying as to the contents of the room where the whisky was found, this witness, when asked on direct examination if the defendant made any statement concerning "the other things in the room", answered: "She

stated that the trunk and clothing hanging in the closet belonged to her husband, and that the two suitcases belonged to her."

On cross-examination, he testified:

"Q. Now, then, did she tell you who the suitcases belonged to? A. I knew who the suitcases belonged to. Q. I didn't ask you if you knew. Did she tell you who they belonged to? A. No. Q. Do you now know who they belong to? A. At this time, No."

On re-direct examination, this witness testifed:

"Q. He asked you if you knew who owned those two suitcases now. Do you mean to say you don't know whether she is supposed to have them or not? A. That is right. Q. You don't know who happens to own them at this time? A. No, sir. Q. You did know the suitcases, didn't you? A. Yes, sir. Q. Whose were they? A. Mrs. Wire's. Q. Why do you say that? A. We arrested her one time before, and she had them."

Counsel for defendant immediately objected to this testimony, moved the court to strike it from the record, and further moved the court to declare a mistrial.

This court has repeatedly condemned the practice of officers, while on the witness stand, making voluntary statements prejudicial to the rights of the defendant on trial. In this case, a careful review of the entire record convinces us that the jury was justified in finding the defendant guilty as charged; and that because of the enormous amount of whisky found, the punishment should be more severe than in an ordinary case. We are inclined to believe, however, that the voluntary statement of the police officer that: "We arrested her one time before and she had them" was harmful to the defendant, and probably caused the jury to assess greater punishment than they otherwise would have done.

The judgment and sentence of the trial court is, therefore, modified from a term of three months in the county jail and $500 fine, to sixty days in the county jail, and $300 fine; and as so modified, is affirmed.

JONES and BRETT, JJ., concur.