## BATES v. STATE.

No. A-11197.   April 26, 1950.

(218 P. 2d 404.)

John A. Cochran, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J.   The defendant, Robert G. Bates, was charged, tried by a jury and convicted in the court of common pleas of Tulsa county, Okla., with the commission of the offense of the unlawful possession of intoxicating liquor.   The offense was alleged to have been committed on November 26, 1948, in the city of Tulsa, Okla.   The information alleged that the defendant was in the unlawful possession of intoxicating liquor consisting of 240 half-pints of Hill & Hill whisky, 96 pints and 288 half-pints and 36 one-fifths of a gallon of Sunny Brook whisky, 96 pints, 48 half-pints and 1 one-fifth gallon of Seagrams 7-Crown whisky, 96 pints of Old Crow whisky, 72 pints of Belmont whisky, 66 pints of I. W. Harper whisky, 12 one-fifth gallon of Black and White Scotch whisky, and one-fifth of a gallon of tax-paid wine.   The jury found the defendant guilty and fixed his punishment at $250 and 30 days in jail, and judgment and sentence was pronounced accordingly.

The evidence at the trial disclosed that the officers acting on reliable information, as to the contents of the defendant's truck and its whereabouts, having obtained a search warrant to search said truck, they proceeded to the Penco filling station in the city of Tulsa at First and Frisco streets, where said truck was located.   The officers found the truck and shortly thereafter the defendant appeared.   When advised of the reason of the officers'

presence Bates produced a key to the said truck, opened the same and disclosed the 39½ cases of the hereinbefore described liquor. The officers' testimony was that the defendant requested time to take a tally of the quantity of whisky contained in the truck because he said another man had an interest in it. He was informed that such count could be made at the courthouse. This the evidence discloses he did do, upon arriving at the courthouse. The state further offered in evidence the defendant Bates' federal retail liquor dealer's license which was in full force and effect at the time of the alleged offense. The defendant admitted to the officers that the truck belonged to him. Thereafter the state rested its case.

The defendant did not testify in his own behalf. He offered instead the testimony of P. E. Walsh who said the whisky belonged to him. Walsh further said he had borrowed Bates' truck, had driven it to Sapulpa and there obtained the load of whisky from a man by the name of Thomas. He did not know Thomas' given name or disclose any further information about Thomas or the particular place where the whisky was obtained from Thomas and loaded into the truck. Walsh further testified he was about a half a block away when the defendant, Bates, was arrested. He said he did not know how Bates came to be at the truck when the arrest of Bates was made. Walsh further said that his business was located at 222 West First street in Tulsa and had been so located there for six months. Notwithstanding this fact Walsh said he did not know the directions or on what corner of the intersection the Penco filling station was located, even though he said he parked the truck at the filling station. He said he was all turned around. The defendant offered no further proof.

On this state of the record the defendant contends the evidence is insufficient to sustain the conviction. The foregoing evidence while conflicting was sufficient to create an issue of fact for the determination of the jury. This court has repeatedly held it will not interfere with the verdict of the jury unless there is no competent evidence on which it can be based. Wire v. State, 87 Okla. Cr. 44, 194 P. 2d 212. But the defendant says the evidence was circumstantial in the face of Walsh's evidence he owned the entire quantity of whisky, and that it was not sufficient to exclude every reasonable hypothesis other than guilt. The answer to that contention is that the defendant Bates convicted himself. He assumed complete authority, dominion and control over the load of whisky and asserted partial ownership and the right to possession thereof, up until the time of the trial of the case on its merits. In Byford v. State, 90 Okla. Cr. 230, 212 P. 2d 476, 481, 482, a case in point with this contention herein made, it was said:

"He convicted himself, * * *. The facts proven beyond a reasonable doubt are such as to exclude every reasonable hypothesis inconsistent with the guilt of the defendants, and thus meets the test announced in Starr v. State, 63 Okla. Cr. 302, 74 P. 2d 1174, and in Courtwright v. State, 79 Okla. Cr. 270, 154 P. 2d 588, and cases cited."

Such is the situation in the case at bar and this contention is therefore without merit.

Next the defendant contends that the court erred in admitting in evidence his federal retail liquor dealer's license as certified by the Collector of Internal Revenue, for the reason that the same did not bear the Collector's " * * * official seal, if he have one * * *" as provided by Title 12, § 486, O.S.A. 1941. This question was not di-

rectly raised in the trial, and appears herein on appeal for the first time. The record is entirely silent as to whether the Collector of Internal Revenue has a seal. If he has one, it was incumbent upon the defendant to so show at the trial. Officers in the performance of their duty are presumed to do what the law requires of them. Langley v. State, 90 Okla. Cr. 310, 213 P. 2d 886; 22 C.J.S., Criminal Law, § 589, pages 906, 907. This presumption, however, is rebuttable, but the defendant did not attempt to overcome the presumption. In absence of proof to the contrary, we can only presume the Collector of Internal Revenue did not possess a seal. This contention being without support in the record, is likewise without merit.

For all of the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.