## TRACY et al. v. STATE.

No. A-11230.   Sept. 13, 1950.

(222 P. 2d 389.)

King & Wadlington, Ada, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiffs in error, John Tracy and Louis Ables, defendants below, were charged by information in the district court of Garvin county, Oklahoma, with the crime of attempted burglary in the second degree by breaking the lock of the Grill Cafe in Wynnewood, Oklahoma, on April 15, 1948. The burglary was thwarted by the timely arrival of the town nightwatchman. The charge was brought under the provisions of Title 21, §§ 1435, 1436, defining burglary, and Title 21, § 42, defining attempts and fixing punishment therefor. The defendants were tried by a jury, convicted and their punishment set at one year and one day in the penitentiary, and judgment and sentence entered accordingly.

The defendants urge only two grounds for a reversal. First, they contend that the state failed to prove "that the building it was claimed the defendants attempted to burglarize contained any property at the time of the alleged attempted burglary". This contention is predicated on the provisions of Title 21, § 1435, O.S.A. 1941, defining second degree burglary, in part, as breaking and entering "any building * * * in which any property is kept * * *". In Goodin v. State, 54 Okla. Cr. 223, 17 P. 2d 521, it was held such proof was an essential ingredient necessary to make out the crime of second degree burglary. Therein the court found the state wholly failed to offer such proof. Such is not the situation, however, in the case at bar. Herein the owner and proprietor of the Grill Cafe testified that on the night of April 15, 1948, he closed his place of business at about 1 a. m. He said that three different times the defendants came into his place of business between 10 and 12 o'clock drinking coffee, cokes and buying cigarettes and playing the

music box. The record otherwise conclusively discloses that the building was occupied by the Grill Cafe. Such evidence was ample from which it reasonably follows that the building had property in it, within the provisions of the statute defining burglary in the second degree. There was no evidence offered to the contrary. In fact, the defendants offered none in their defense. This court has repeatedly held that it will sustain the verdict of the jury, unless there is no competent evidence upon which it can be based. Bates v. State, 91 Okla. Cr. 199, 218 P. 2d 404; Wire v. State, 87 Okla. Cr. 44, 194 P. 2d 212. Moreover our function is to ascertain whether there is a basis in the evidence on which the jury can reasonably conclude the defendant is guilty as charged. Bush v. State, 91 Okla. Cr. 310, 218 P. 2d 386. This contention is therefore without merit.

The second contention of the defendant is that "the trial court erred in permitting the foreman of the jury to complete the purported verdict in open court without requiring the jury to retire to the jury room to consider whether such was their verdict". The basis for this contention is that after deliberation the jury returned into court with an incomplete verdict. The clerk read the same, which was substantially in words and figures as follows, to wit:

"We, the jury, drawn, empaneled and sworn in the above entitled cause, do upon our oaths, find from the law and the evidence the defendants, John Tracy and Louis Ables, guilty as charged in the Information and assess the punishment of John Tracy at confinement in the State Penitentiary for a term of 1 year & 1 day, and assess the punishment of Louis Ables at confinement in the State Penitentiary for a term of ———." Whereupon the following proceedings were had:

"By the Court: Let me see the verdict. (Court takes verdict.) Gentlemen of the Jury, I see you have not completed your verdict, you will retire and deliberate further, or to at least complete your verdict. By Mr. Walters, Foreman: If the Court please, we can complete it right here. We assessed their punishment the same, a year and a day each. (Whereupon the Foreman, Mr. Frank Walters, took the verdict and in the presence of the defendants, the other members of the jury, and tne Court, and completed said verdict by writing the words 'year & one day' at the end of said verdict, and above the name of the Foreman.) The Court: Gentlemen of the Jury, the verdict having now been completed the Clerk will read and record the same. (Whereupon the Clerk read in open Court the verdict as completed, and recorded the same in open Court as follows: * * * We, the jury, drawn, empanelled and sworn in the above entitled cause, do upon our oaths, find from the law and the evidence the defendants John Tracy and Louis Ables guilty, as charged in the Information and assess the punishment of John Tracy at confinement in the State Penitentiary for a term of 1 year & 1 day and assess the punishment of Louis Ables at confinement in the State Penitentiary for a term of one year & one day.)"

Whereupon Mr. Wadlington, of counsel for the defendants, requested the jury be polled on the proposition, whereupon the jury was polled, and each and every one thereof stated in open court the verdict as amended was their verdict. To this procedure the defendants raised no objection at the trial, and saved no exception. In Bradley v. State, 63 Okla. Cr. 203, 74 P. 2d 126, this court said:

"Only prejudicial errors raised by exceptions reserved require a new trial and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done, that we are permitted to reverse a conviction whether or not an exception has been taken in the trial court."

Here, the verdict in the manner in which it was amended was not contrary to law. In the first place, under the provisions of Title 12, § 580, O.S.A. 1941, "when the case is finally submitted to the jury, they may decide in court or retire for deliberation \* \* \*". Therefore, as herein involved, where it appears that the jury has arrived at a verdict, but through oversight in returning the same has not completed the expression thereof in the formal written form provided by the trial court, the same may be completed in open court without further deliberation, by the foreman completing the same, in the presence of the other jurors, each confirming the same as their verdict when polled, such procedure is not contrary to law and does not constitute reversible error. 23 C.J.S., Criminal Law, § 1412, Note 94; 16 C.J. 1114, § 2609, Note 44. Fant v. State, 8 Ga. 438, 69 S. E. 586, is a case wherein the procedure therein followed was practically identical with that pursued in the case at bar. Therein the Georgia court said:

"It is not error for a judge after having properly instructed a jury as to the form of their verdict, and after having asked them if they wished to retire in order to correct an irregular, incomplete, or uncertain verdict, to permit the corrections to be made in open court, where the jury has informed the court as to the true meaning of their finding, and the verdict they intended to return."

See, also, Grace v. State, 5 Cir., 4 F. 2d 658; Barnes v. State, 83 Tex. Cr. R. 207, 202 S.W. 949; Lewis v. State, 84 Tex. Cr. R. 499, 208 S.W. 516; State v. Cary, 124 Kan. 219, 257 P. 719; People v. Laverty, 9 Cal. App. 756, 100 P. 899. It is apparent that the procedure herein pursued was not contrary to law. Moreover, it appears that no injustice has been done. Each such case, however, must be decided upon its own facts and circum-

stances. For all of the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.