Jesse William PAYNE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13644.

Court of Criminal Appeals of Oklahoma.

July 14, 1965.

Rehearing Denied Aug. 2, 1965.

Ralph Samara, Oklahoma City, for plaintiff in error.

Joseph C. Muskrat, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Jesse William Payne, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County, Oklahoma, with the crime of Robbery with Firearms, after a former conviction of a felony. He was tried by a jury, found guilty, and his punishment assessed at Twenty Years in the penitentiary. From that judgment and sentence he has perfected his appeal to this Court asserting numerous assignments of error.

The evidence presented by the state showed that one Verna Stricklin was working as a checker at a Humpty Dumpty store in Midwest City, and that at approximately 2:00 p. m. on July 24, 1964, the store was held up by a man with a shotgun. The witness identified the defendant as this man.

Donald Birmingham, a sales representative for a beer distributor, was in the store at the time of the holdup, and he testified that he heard the shotgun discharge, walked to the front of the store and saw the gunman run out of the door to a car. He was unable to positively identify the defendant, but gave a description of the man that he saw.

Jack Hill and Bill Forney, officers from Midwest City, testified that they went to the Oklahoma City Police Department several days later, where the defendant was being held on what they believed to be a vagrancy charge. They questioned the defendant regarding the above robbery, and testified that they advised him of all his constitutional rights, and allowed him to call his attorney. They testified that the defendant readily admitted his part in the robbery, and stated that there were other persons involved. The police officers then obtained the release of the defendant from the Oklahoma City Jail—to be in their custody—and proceeded to take him to the Midwest City police department, where he was questioned further, and defendant offered to help locate the others involved in the robbery. The officers attempted, with the assistance of the defendant, to locate the implicated parties, but to no avail.

And here is the most astounding part of the testimony of the officers—the defendant (Now an *admitted armed robber* who discharged a shotgun in the store during the robbery) *was released without any charges being filed*. This release for the purpose of finding the other persons involved, and with the understanding that he would return to the Midwest City Police Station the next day.

Naturally, he did not return, nor call. The officers, some five days later, obtained a warrant, and arrested the defendant at his mother's home.

While these facts do not constitute an illegal arrest, it certainly suggests poor judgment on the part of the Midwest City Police to release this man for any purpose, since they were aware, according to their own testimony, that he had committed an act of violence in which innocent persons could have been hurt or even killed.

On behalf of the defendant, an aunt testified that he was with her from approximately 1 or 1:30 P.M. until 4:00 P.M. on the date of the robbery, when he left to take her children to see their father, attempting to establish an alibi.

Defendant's proposition of error number (1) that the verdict was not sustained by

the evidence; and number (2) that the trial court erred in overruling demurrer and motion for directed verdict; will be discussed together.

■ First, let us look at the evidence by the state, standing uncontradicted: one eyewitness identified defendant as the man who robbed the store; Two police officers testified that defendant readily admitted his part in the robbery. Defendant did not take the stand in his own behalf to attempt to refute any of this. He had his aunt testify as to an alibi for him, as shown above, which obviously was not believed by the jury.

■ This Court stated in the case of Martin v. State, Okl.Cr., 375 P.2d 481:

"It is not for this Court to substitute its judgment on question of fact, or of the weight of the evidence for that of the jury, where there is competent evidence from which the jury may reasonably and logically find that guilt of the defendant even though the evidence may be conflicting, or such that different inferences might reasonably be drawn thereupon."

It is the opinion of this Court that the evidence is sufficient to support the verdict in the case at bar, and therefore the demurrer and motion for directed verdict were not well taken.

Defendant's proposition number three is that the trial court erred in denying him a hearing on his motion to suppress evidence. At the conclusion of the testimony of Officer Hill on January 12, 1965, the trial court told both attorneys that he would hear the Motion to Supress at 9:00 A.M., the next morning. He told the jurors not to report back until 9:30 A.M. Defense counsel contends that the trial judge denied him the right to present his Motion because he was not in the court room at 9:00 A.M., due to the fact that he was stuck in a stalled elevator in the courthouse from 9 until approximately 9:30.

However, the record reflects that the trial judge stated that the hearing on the motion would be continued, and the state announced that they would have no objection to hearing the motion at a later time. The record fails to show any further attempt by the defendant to have a hearing on the Motion to Suppress, but his demurrer and motion to dismiss raise the same issues.

■ ■ Further, we feel defendant's contention that the trial court erred in denying defendant a hearing upon his motion is without merit. A Motion to Suppress Evidence is interposed where it is claimed that there was an unlawful search and seizure. (Boyd v. State, Okl.Cr., 290 P.2d 160; Stevens v. State, Okl.Cr., 274 P.2d 402.)

In the instant case, there was no unlawful search and seizure, nor was one alleged. The allegation of the defendant is that there was an unlawful arrest and incarceration without a warrant, and therefore, any admissions of guilt made by the defendant to the police are inadmissible. Defendant incorporates this argument as his basis for propositions three and four.

■ It was stated in the case of Brinegar v. United States, 10 Cir., 165 F.2d 512, affirmed 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, rehearing denied 338 U.S. 839, 70 S.Ct. 31, 94 L.Ed. 513:

" 'The mere questioning of a suspect while in the custody of police officers is not prohibited either as a matter of common law or due process.' [1] Neither will the fact that the arrest, under which the person was taken into custody, was illegal, in and of itself render a confession or an incriminating statement involuntary. The test is whether, under all the facts and circumstances, the confession or incriminating statement was voluntarily made."

As shown by the cited case, the arrest, seizure and incarceration have nothing to do with the admissibility of his confession or admission. The record further established

1. Lyons v. Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481.

the fact that the confession was voluntarily made to the officers. Defendant failed to show that the confession was procured by such means or under such circumstances to render it invalid. Further, defendant failed to show that the original arrest by the Oklahoma City Police was illegal—which would have been an important element to support his Motion to Suppress.

This Court feels that the confession testified to by the officers was not coerced, but was voluntarily made, and was admissible.

In defendant's proposition number five, he alleges that the remark made by the county attorney in his closing argument to the jury, that "the defendant is not a good boy", constitutes reversible error in that it prejudiced the jury.

The record reveals that defense counsel objected, and the trial judge admonished the jury not to consider that statement. This Court held in the case of Camp v. State, 95 Okl.Cr. 70, 239 P.2d 1036:

"Where an objection to improper argument is sustained and the jury admonished not to consider the same such argument may not constitute reversible error."

Defendant further complains of the testimony of Officer Bill Forney, wherein he made two inflammatory remarks—on page 90 of the casemade he stated, "I felt like the other people were probably more important than him. Two of them were wanted all over the country"; and on page 92, he testified that he arrested the defendant with his pistol in his hand "because he didn't want his wife to become a widow". In both instances again, defense counsel objected, was sustained, and the trial judge admonished the jury not to consider the statements.

Defense counsel relys on the case of Riddle v. State, Okl.Cr., 373 P.2d 832, in which it was stated:

"[E]xperienced police officers should not, while on the witness stand, make voluntary statements prejudicial to the rights of the defendant on trial."

This is a well established rule in Oklahoma, however, there is a great distinction in the Riddle case, supra, and the case at bar.

In the Riddle case there was a very close question of entrapment and the defendant was of previous good character. In the case at bar, no close question was presented to the jury, and the defendant had previously been convicted of a felony.

We, therefore, do not feel that the statements made by Officer Forney, were so prejudicial under the facts sufficient to cause reversal. However, this Court feels that the remarks should not have been made by a police officer with the six years experience that this officer has. They would have certainly constituted reversible error under different circumstances, and even though the objections were sustained and the jury told not to consider them—who can say that they did not influence some of the jurors in their verdict?

While this Court does not deem this sufficient to cause reversal, and since a re-trial of the case would most certainly result in the same verdict; we feel that justice would be better served if the sentence were modified from Twenty (20) years to Seventeen (17) years, and it is so ordered. The judgment and sentence is otherwise affirmed.

BUSSEY, P. J., and BRETT, J., concur.