Edna Merrell PITTS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13905.

Court of Criminal Appeals of Oklahoma.

Dec. 28, 1966.

Rehearing Denied Sept. 20, 1967.

Kenneth W. Lackey, Eufaula, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Edna Merrell Pitts, hereinafter referred to as the defendant, from a conviction in the district court of McIntosh County, on a charge of grand larceny. The jury fixed the punishment at one year in the state penitentiary.

The information filed against defendant alleged that on November 4, 1964 she "did unlawfully, wilfully, stealthily, wrongfully, and feloniously take, steal and carry away certain personal property, to-wit: 15 cartons of TEMPO cigarettes, of the value of $40.50, owned by one Park and Kindred Grocery", etc.

This defendant and two alleged co-conspirators, against whom separate charges were filed, were involved in another alleged crime in Eufaula, as well as this one which occurred at Checotah, Oklahoma. This defendant is the first to be tried for the alleged crime at the Park and Kindred Grocery Store.

Jess Frazier, chief of police at Checotah on the date in question, testified that he had been alerted to intercept a maroon colored car; that he located such automobile, gave chase, and finally stopped it. This defendant and two other women were in the automobile. The State introduced evidence to sufficiently show that prior to being stopped, the three women discarded from the automobile two bags containing cigarettes, and two packages which contained two white dresses. This portion of the State's evidence was corroborated by the only witness offered by the defendant, Eva Lois Frazier, who was one of the alleged co-conspirators. However, this defense witness denied that she or either of the two other women were ever in the Park and Kindred Grocery Store in Checotah. During the presentation of the State's case, several witnesses were introduced who testified 'that they did see the defendant in the grocery store, along with the other negro women.

At the outset of the trial, the defendant moved for a continuance of the trial, for the reason that the defendant's principal witness, Wilma Jones, the other alleged co-conspirator, was ill in the hospital in Tulsa. Attached to defendant's motion was a letter from Daniel J. Alexander, M. D., 1044 East Pine Street, Tulsa, Oklahoma. The doctor's letter recited as follows: (Letterhead caption omitted)

"TO WHOM IT MAY CONCERN:

RE: Wilma Jones.

"This is to certify that the above captioned is presently hospitalized at Moton Memorial Hospital, Tulsa, Oklahoma, and is under my care.

"Respectfully yours,
"Daniel J. Alexander, M. D."

Defense counsel explained to the court that the witness's hospitalization was made known to him the prior evening at six o'clock, and that he informed the defendant to obtain a letter from Dr. Alexander, which was handed to counsel just prior to the commencement of the trial on October 18, 1965. Defense counsel also admitted that the letter was not as satisfactory and detailed as he thought it would be.

The court denied defendant's motion for continuance, while pointing out that the motion shows the witness entered the hospital on October 12, some six days prior to the commencement of the trial; and that the doctor's statement was insufficient, as well as not being properly verified.

We observe from the record also that on the previous February 2, and May 5, the defendant had been granted continuances of her trial.

Defendant's counsel sets out fifteen specifications of error, which are argued under six propositions in his brief.

Counsel's first contention is that the court should have granted a continuance on his properly filed motion.

■ This Court has held numerous times that it is within the discretion of the trial court whether or not, to permit a continuance on defendant's motion. This is especially true when such motion is offered on the date set for trial. See: Winfield v. State, 18 Okl.Cr. 257, 191 P. 609; Jackson v. State, 72 Okl.Cr. 226, 114 P.2d 953.

■■ It is never required that the defendant produce any witnesses at all. That decision is made by the defendant and his legal counsel alone. In this case, the testimony of Wilma Jones would have been only cumulative to that of the witness offered; and this Court has repeatedly held that it is not error to refuse a continuance when the evidence sought to be admitted would be merely cumulative. See citations above.

■ The fact that the witness sought to be used had no previous criminal record, in contrast to the admitted past criminal record of the witness used, is not sufficient to sustain defendant's contention that the court erred in denying defendant's motion for continuance.

■ Defendant's second contention is that the court erred in the admission of "hearsay evidence". Defense counsel points specifically to testimony given by the owners of the grocery store, Mr. Park and Mr. Kindred, who testified concerning information provided them by the Tempo cigarette salesman. This testimony had reference to certain numbers shown on the cigarette packages, and what those numbers pretended to mean. They also testified concerning a certain "sale tape" from their store, which was missing at the time of trial, and was never introduced into evidence.

After careful reading and considering all of the testimony contained in the record, we are of the opinion that the trial court did not commit error in this respect to justify reversal of this case by the admission of the evidence complained of. See: Russell v. State, 41 Okl.Cr. 71, 270 P. 339; Akins v. State, 91 Okl.Cr. 47, 215 P.2d 569.

The third proposition offered by defendant is that the court erred in refusing to grant the defendant's supplemental motion for new trial, filed after the complete record was transcribed and reviewed by defense counsel.

This complaint is predicated on the fact that defense counsel *thought* the court reporter was reporting the county attorney's closing arguments.

The fourth and fifth propositions being respectively: the failure of the court reporter to report the closing arguments of the county attorney; and, that the county attorney committed gross misconduct in his closing arguments.

■ Counsel admits that he made no specific request that the county attorney's closing argument be reported in the record, as well as the fact that he did not know for certain whether or not the court reporter was not in the court room during the closing arguments. He argued before this court that he presumed the court reporter's recorder was being used to record such arguments, since the court reporter appeared not to be in the court room; and, that since it had always been his practice to request the court reporter to report the closing arguments of this particular county attorney, and that in the past the reporter had always done so, he presumed such was being done in this case. We might observe that these being rebuttable presumptions, and being contemplated only by defense counsel, are not sufficient to charge the trial court with having committed error. It has long been the rule that defense counsel has the responsibility to request, and such request must be made of the court reporter at *each* trial, when he desires to have the closing argument reported. It is defense counsel's sole responsibility to preserve and protect his own record,

and that responsibility cannot be shifted to one not a participant in our adversary system of jurisprudence.

We observe also that the only specific reference made to the closing argument of the county attorney appears in the supplemental motion for new trial. In his original motion for new trial, defense counsel merely recites: "That the county attorney committed gross misconduct prejudicing the rights of this defendant in his closing argument."

The record reflects further that the trial court granted defense counsel a hearing on his supplemental motion, which was filed before the casemade was certified. At the conclusion of that hearing, the court overruled defendant's motion.

■■ It is well settled that counsel for defense must object to the alleged improper statements by the prosecutor at the time they are made, and move the court to exclude them from the consideration of the jury; and to make a proper record so that this Court may determine from an examination of the record, whether the alleged improper remarks were actually made, and if so, whether or not they were invited or provoked by opposing counsel's remarks. See: Sweet v. State, 70 Okl.Cr. 443, 107 P.2d 817; and Bruster v. State, 40 Okl.Cr. 25, 266 P. 486.

In Stout v. State, 41 Okl.Cr. 42, 270 P. 90, we said:

"This court, in a long line of decisions, has held that in the trial of a criminal case, where improper argument is made, objection should be interposed and a request made to have the same taken in shorthand, and to exclude the same from the jury."

Defendant's sixth, and last, proposition contends that the verdict of the jury is not supported by the evidence.

■ The evidence, while conflicting, was sufficient to create an issue of fact for the determination of the jury. This Court has repeatedly held that it will not interfere with a verdict of the jury unless there is no competent evidence on which it can be based. Wire v. State, 87 Okl.Cr. 44, 194 P.2d 212; Bates v. State, 91 Okl.Cr. 199, 218 P.2d 404.

■ As recited by Judge Nix in Emerson v. State, Okl.Cr., 393 P.2d 541:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See also Payne v. State, Okl.Cr., 403 P.2d 791; and Hudson v. State, Okl.Cr., 399 P.2d 296.

Upon careful consideration of the entire record before us, and in view of the fact that defendant did not take the stand and offered no testimony in explanation of the circumstances shown, we are of the opinion that there is not sufficient error to justify a reversal of this case.

The judgment and sentence of the district court of McIntosh County is affirmed.

BUSSEY, P. J., concurs.

NIX, J., not participating.