## THOMAS *v.* STATE OF TEXAS.

ERROR TO THE COURT OF CRIMINAL APPEALS FOR THE STATE OF TEXAS.

No. 6.     Argued November 8, 1908.—Decided February 23, 1909.

Where neither the constitutionality of the state statute, nor the interpretation thereof by the state court, is assailed, but the contention is that negroes were excluded from the juries because of their race or color, the question is one of fact, and the decision of the state court is not reviewable by this court under § 709, Rev. Stat., in the absence of such gross abuse as to amount to denial of due process of law.

Discrimination against the accused in the selection of the grand or petit jury cannot be presumed from the mere fact that none of the jurors were negroes or of African descent; and here it appears that a negro was on the grand jury finding the indictment and negroes were on the venire from which the trial jury was drawn, and nothing in the record indicates discrimination.

95 S. W. Rep. 1069, affirmed.

THOMAS was convicted of the murder of John Blair, and his punishment fixed at death. Before arraignment and trial he filed his separate motions to quash the indictment and special venire drawn in this cause, which motions were sworn to, and alleged that "because of the race prejudice and ill feeling against the negroes in Harris County, and against this defendant in particular, on account of his color and race, and because of the sentiment against placing negroes, or persons of color, or of African descent, upon the grand juries and petit juries in said county . . . . the grand jury finding and returning the bill of indictment against him herein was composed almost exclusively of white persons, there being not to exceed one negro, or person of African descent, and of the same race and color of this defendant upon said grand jury." It was also alleged that "because of the race prejudice and ill feeling existing against

the negroes or persons of African descent in Harris County, and against this defendant in particular, on account of his color and race, there were no negroes or persons of African descent upon the venire list of persons drawn to serve as jurors in this cause, and that the list of jurors drawn was composed exclusively of white persons, all negroes or persons of African descent having been intentionally excluded and 'left off of the special venire or list of jurors drawn in this cause by the jury commission because of their race and color." It was further alleged that one-fourth of the qualified jurors of Harris County were negroes or persons of African descent. By agreement and consent of the court evidence was heard upon the two motions at the same time, and considered by the court upon each, the same as if said motions had been heard separately.

Upon considering the evidence on the hearing of said motions, the same were each overruled by the court.

The case was taken on writ of error to the Court of Criminal Appeals, the highest court of Texas for criminal cases, and the conviction affirmed. The action of the trial court in overruling the motions to quash was reviewed by the Court of Criminal Appeals and the rulings sustained. 95 S. W. Rep. 1069. It was then brought here on writ of error.

*Mr. Noah Allen* and *Mr. Frederick S. Tyler* for plaintiff in error:

Whenever by any action of a State, whether through its legislature, courts, executive or administrative officers, all persons of the African race are excluded, solely because of race and color, from serving as grand or petit jurors in the criminal prosecution of a person of that race, the equal protection of the laws is denied to him, contrary to the Fourteenth Amendment. *Strauder* v. *West Virginia,* 100 U. S. 303; *Virginia* v. *Rives,* 100 U. S. 313; *Ex parte Virginia,* 100 U. S. 344; *Neal* v. *Delaware,* 103 U. S. 370; *Gibson* v. *Mississippi,* 162 U. S. 565; *Carter* v. *Texas,* 177 U. S. 442; *Martin* v. *Texas,* 200 U. S. 316.

It is admitted that a mixed jury, some of which shall be of

the same race with the accused, cannot be demanded as of right in any case, nor is a jury of that character guaranteed by the Fourteenth Amendment, *Virginia* v. *Rives, supra; Neal* v. *Delaware, supra; Martin* v. *Texas, supra;* but that the accused is entitled to demand, under the Constitution of the United States, that in organizing the grand jury, as well as impanelling the petit jury, there shall be no exclusion of his race, and no discrimination against them because of their race or color, is conclusively settled by the decisions. *Virginia* v. *Rives, supra; In re Wood,* 140 U. S. 278, 285; *Martin* v. *Texas, supra; Farrow* v. *State,* 45 So. Rep. 619; *Montgomery* v. *State,* 45 So. Rep. 879.

*Mr. Robert Vance Davidson,* Attorney General of the State of Texas, and *Mr. James DuBose Walthall,* for defendant in error:

The trial court having permitted plaintiff in error to introduce evidence and offer proof in support of his motion to quash the indictment and special venire drawn in his case, and having considered said evidence and overruled the motion upon the ground that no discrimination against him was shown, and the Court of Criminal Appeals, the highest court in Texas in criminal cases, after a full review of the testimony, having decided that the trial court acted properly in overruling said motion, such ruling will not be disturbed by the Supreme Court of the United States upon writ of error. *Barrington* v. *Missouri,* 205 U. S. 484; *Allen* v. *State,* 70 S. W. Rep. 85; *Monroe* v. *State,* 23 Texas, 210; *Nash* v. *State,* 2 Texas App. 362; *Hawkins* v. *State,* 27 Texas App. 273; *Shaw* v. *State,* 32 Texas Cr. Rep. 155.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

It is not contended that the laws of Texas, under which grand and petit juries are selected, are in themselves discriminating and in violation of the Constitution of the United States. It is admitted by plaintiff in error that neither the constitution nor statutes of Texas prescribed any rule for, or mode of procedure

in, the trial of criminal cases which is not equally applicable to all citizens of the United States and to all persons within the jurisdiction of the State without regard to race, color, or previous condition of servitude. Nor is it contended that the constitution and laws of the State had, at the time this prosecution was instituted, been so interpreted by the courts of Texas as to prevent the enforcement of rights secured equally to all citizens of the United States without regard to race or color. The only contention was that the jury commissioners in the selection of the grand and petit juries who returned the indictment and tried plaintiff in error did in fact exclude therefrom negroes or persons of African descent, because of their race and color. This was a question of fact, and the ordinary rule is that questions of fact will not be reviewed by this court on writs of error to state courts.

In the case of *In re Kemmler,* 136 U. S. 436, 449, it was intimated that if the highest court of a State "had committed an error so gross as to amount in law to a denial by the State of due process of law to one accused of crime, or of some right secured to him by the Constitution of the United States," this court might take jurisdiction, but the occurrence of such an instance was not suggested as probable.

In *Barrington* v. *Missouri*, 205 U. S. 483, 484, the plaintiff in error, before the trial of the cause commenced, applied for a change of venue on the ground of local prejudice. Upon the hearing of the application many witnesses were examined and testified, and the trial court decided that prejudice justifying a change of venue had not been made out and denied the application. In dismissing the writ of error in the above case we said:

"It is now contended that the refusal to grant the change of venue deprived plaintiff in error of a fair and impartial trial, to which, under the Federal Constitution, he was entitled. The state Supreme Court held it to be a well-settled rule of law in Missouri that the granting of a change of venue in a criminal case rested largely in the discretion of the trial court, and 'that

where the trial court has heard the evidence in favor of and against the application, and a conclusion reached adversely to granting the change, such ruling will not be disturbed by this court, and should not be unless there are circumstances of such a nature as to indicate an abuse of the discretion lodged in such court.' And the Supreme Court, after a full review of all the testimony, decided that the trial court had acted properly in overruling the application for a change of venue. In our judgment no Federal question was involved. Were this otherwise it would follow that we could decide in any case that the trial court had abused its discretion under the laws of the State of Missouri, although the Supreme Court of that State had held to the contrary."

It was ruled in *Martin* v. *Texas*, 200 U. S. 316, as in other cases, that discrimination in organizing a grand jury and impanelling a petit jury cannot be established by merely proving that no one of the defendant's race was on either of the juries, and that an accused person cannot of right demand a mixed jury, some of which shall be of his race, nor is a jury of that kind guaranteed by the Fourteenth Amendment to any race. And it was said "What an accused is entitled to demand, under the Constitution of the United States, is that in organizing the grand jury as well as in the impanelling of the petit jury, there shall be no exclusion of his race, and no discrimination against them, because of their race or color."

As before remarked, whether such discrimination was practiced in this case was a question of fact, and the determination of that question adversely to plaintiff in error by the trial court and by the Court of Criminal Appeals was decisive, so far as this court is concerned, unless it could be held that these decisions constitute such abuse as amounted to an infraction of the Federal Constitution, which cannot be presumed, and which there is no reason to hold on the record before us. On the contrary, the careful opinion of the Court of Criminal Appeals, setting forth the evidence, justifies the conclusion of that court that the negro race was not intentionally or otherwise dis-

criminated against in the selection of the grand and petit jurors. Indeed, there was a negro juror on the grand jury which indicted plaintiff in error, and there were negroes on the venire from which the jury which tried the case was drawn, although it happened that none of them were drawn out of the jury box. The court said:

"It may be that the jury commissioners did not give the negro race a full *pro rata* with the white race in the selection of the grand and petit jurors in this case, still this would not be evidence of discrimination. If they fairly and honestly endeavored to discharge their duty, and did not in fact discriminate against the negro race in the selection of the jury lists, then the Constitution of the United States has not been violated. We understand the rule to be that mere error in administering the criminal law of the State, or in the conduct of a criminal trial, no Federal right being invaded or denied, is beyond the revisory power of the Supreme Court of the United States under the Constitution and the statutes regulating its jurisdiction."

No other point requiring consideration, the result is

*Judgment affirmed.*