## THEODORE BRUSTER v. STATE.

No. A-6707. Opinion Filed April 21, 1928.
(266 Pac. 486.)

[redacted]

Twine & Twine, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county for the crime of murder and his punishment fixed at death.

The information charges that on January 14, 1927, defendant killed one William Heenan by shooting him with a pistol and striking and beating him with an ax, inflicting wounds from which he died on January 15. The evidence is that defendant is a negro, 20 years of age; that deceased, William Heenan, was a white man, 70 years of age, who conducted a small store and filling station near Muskogee. On the date charged, defendant went to this store; just before he arrived there he had a conversation with Clem Porter, another young negro, who was cutting wood near and told him, in substance, he was going to the store to get something to eat and get the old man's money. Defendant soon came out of the store building and rode on the wagon driven by one Cooper until near the house of Clem Porter, where he left the wagon, went to the house of Porter, and there had a further conversation with Porter in which he said he had a fight with the old man (referring to deceased), and hit him with an ax, but got the money. Defendant then went across the road to the house of Albert Bynum, and there stated he had shot deceased. Late that afternoon he was arrested and made a full confession of the killing of Heenan in which he said

he had thrown away the pistol with which he did the shooting. He then went with some of the officers and recovered the pistol at the place stated. The following day he was taken by the officers to the scene of the killing, and there he pointed out where he stood when he fired the shot and where he obtained the ax with which he struck the deceased. Defendant testified, in substance: That on the day of the homicide he went to the house of Albert Bynum, and he and Bynum decided to make some whisky, and he then went to the store of deceased to get something to eat. That Clem Porter was near the store, and he talked with him. At the store he had some conversation with deceased about buying some canned goods, and deceased got an iron bar and hit him, and he pulled a pistol out of his coat pocket and shot deceased. That he then went to the house of Bynum and had some conversation with him about the difficulty. He admitted he made the statements testified to by the officers, but did so on account of threats and intimidation by them.

Before entering upon the trial defendant filed a motion to quash the panel of the petit jury for the reason that no negroes were on it; that the jury commissioners, in violation of the Constitution and laws of the United States, had excluded all persons from such jury panel on account of their race and color; that Muskogee county has a large colored population composed of many qualified voters, eligible for jury service; that the jury commissioners had willfully refused and failed to select any person of African descent to serve on the jury. It has been frequently held by the Supreme Court of the United States that where a negro is charged with crime and upon oath challenges the panel of the jury upon the ground that the commissioners or the sheriff, who selected the jury by which he is to be tried, has excluded from the jury persons of African descent solely on account of their race and color and such challenge is supported by the evidence, and the court finds as a matter of fact negroes were so intentionally excluded solely

on account of their race and color, the motion to quash the panel should be sustained. Neal v. Delaware, 103 U. S. 370, 26 L. Ed. 567; Gibson v. Mississippi, 162 U. S. 565, 16 S. Ct. 904, 40 L. Ed. 1075; Carter v. Texas, 177 U. S. 442, 20 S. Ct. 687, 44 L. Ed. 839. This holding of the Supreme Court of the United States is binding on this court and other state tribunals. McIntosh v. State, 8 Okla. Cr. 469, 128 P. 735; Smith v. State, 4 Okla. Cr. 328, 111 P. 960, 140 Am. St. Rep. 688; Scott v. State, 29 Okla. Cr. 324, 233 P. 776.

Officers charged with the duty of selecting and summoning jurors can exercise their discretion in selecting those persons who in their judgment are competent and qualified to serve as jurors, but they are not permitted to exclude competent persons who are of African descent solely on account of their race and color. Franklin v. South Carolina, 218 U. S. 161, 30 S. Ct. 640, 54 L. Ed. 980; Thomas v. Texas, 212 U. S. 278, 29 S. Ct. 393, 53 L. Ed. 512; Id. (Tex. Cr. App.) 95 S. W. 1069.

The trial court permitted defendant to present evidence in support of his motion to quash. He thereupon called the three jury commissioners as witnesses. Each testified, in substance, there were a good many colored people in that county, taxpayers and qualified voters, but in selecting the jury they selected those persons they knew and considered qualified; that they made no exclusion of any one on account of race or color. Defendant then called several witnesses who testified they were residents, taxpayers, and voters of Muskogee county, had been for several years, and had never been selected for service on the jury. It does not appear that any of these witnesses were persons of African descent. It is not shown, approximately or otherwise, what per cent. of the resident taxpayers of Muskogee county are of African descent. Such facts are not a matter of which we have any judicial knowledge. The evidence is wholly insufficient to show that negroes

were intentionally excluded from the panel solely upon the ground of their race and color.

It is next argued that the court should have required the state to elect on which part of the information it would stand. The information charges the homicide to have been committed by shooting with a pistol and by striking with an ax. Defendant insists that the court should have limited the proof to either one or the other of the means alleged. This contention is wholly untenable. Section 2558, Comp. St. 1921, provides:

"* * * And where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

The evidence discloses that the death of deceased was caused by shooting with a pistol and by a blow on the head from an ax. It was proper to charge the crime to have been committed by means of each of the weapons named, and, under the charge, proof might be made of the death by either or both of such means alleged. It would have been error to have required the state to elect. In the case of Kearns v. State, 14 Okla. Cr. 142, 168 P. 242, it was held:

"An information charging murder which alleges that the means used in producing death was a slung-shot or other blunt instrument, the accurate description of which is unknown to the county attorney, and an axe, is not subject to demurrer on the ground that it is duplicitous, for the reason that both such instruments could be used in the perpetration of the crime. The proof in the record under review establishes the fact that such was the condition under which the homicide involved occurred."

It is also argued that the court admitted incompetent evidence prejudicial to the rights of defendant. This is directed to the admission of a confession made by defendant which it is insisted was procured by threats and duress. The witnesses for the state, to whom the confession was made, testify that it was voluntarily made without any in-

timidation and after defendant had been warned that any statement made might be used against him. The court in his charge instructed the jury that such statements could be considered only in case they were freely and voluntarily made, and, if any inducements were held out or threats offered to secure such statements, they should not be considered. This instruction stated the rule as favorable to defendant as the law warrants.

Complaint is next made that the assistant county attorney in his argument to the jury used language calculated to inflame the jury and to create a prejudice against defendant. This assignment is not borne out by the record. The argument of the assistant county attorney was not preserved, no objections or exceptions were taken, and no bill of exception containing any of the claimed statements appears in the record. It is well settled that, where error is predicated on the ground of alleged misconduct of counsel for the state in the argument to the jury, the attention of the court should be called to the matter by proper objection, a ruling had thereon, and exceptions taken. The objectionable language must be preserved either by transcript of the proceedings or by bill of exceptions. Where this is not done, the matter is not properly presented to this court. Cook v. State, 36 Okla. Cr. 285, 253 P. 1029; Howard v. State, 39 Okla. Cr. 336, 265 P. 149, and cases cited.

The record conclusively shows the murder of the deceased in order to rob him of a few dollars. We see no reason to mitigate the penalty of death as fixed by the jury.

The case is affirmed.

Since the original time fixed for the execution has expired owing to the pendency of this appeal, it is ordered that the judgment and sentence of the district court of Muskogee county be carried into execution on Friday, June 29, 1928. The warden of the penitentiary at McAlester is

ordered and directed to cause the sentence to be executed according to law.

DOYLE, P. J., and DAVENPORT, J., concur.