CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT, v. LEWIS & SMITH DRUG COMPANY, INC., A CORPORATION, APPELLEE.

57 N. W. 2d 269

Filed March 6, 1953. No. 33264.

*Edward F. Fogarty, Herbert M. Fitle, James M. Paxson,* and *Bernard E. Vinardi,* for appellant.

*Swarr, May, Royce, Smith & Story,* for appellee.

*White, Lipp & Simon,* Amicus Curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action brought by the plaintiff to secure a declaratory judgment as to whether or not the defendant was violating a Sunday-closing ordinance. Issues were made. Each party moved for a summary judgment. The trial court denied the motion of the plaintiff and sustained that of the defendant. Plaintiff appeals. We reverse the judgment of the trial court and remand the cause with directions.

Defendant operates a retail store in downtown Omaha under the name of "Smith Drugs." It sells drugs, medicines, pharmaceuticals, surgical supplies, appliances, and other articles not material to this litigation. It has also

what we shall call a grocery department which occupies about 13 percent of its retail floor space and is in the same room with the other retail activities.

The pleadings admit that defendant sells fresh fruits, canned fruits, vegetables, and packaged foods; eggs, packaged cheese, and canned meats; packaged coffee, tea, and canned condensed milk; and shortening, spices, and relishes. These articles are sold from its grocery "corner" on all days of the week except Sunday. They will be referred to herein as class 1 articles or as groceries.

Defendant also sells soaps, cleansers, and wash-day supplies; carbonated beverages, ice cream, and candies; tobacco and smokers' supplies; and toilet tissue, insecticides, housekeeping supplies, and many personal items. Among the soaps are specially prepared germicidal soaps, etc. It also sells specially prepared foods for babies and persons suffering from stomach disorders. These items, including others not mentioned, are offered for sale outside the grocery "corner." They are sold on week days and Sundays. These articles will be referred to herein as class 2 articles.

The ordinance involved, No. 9805, was adopted November 20, 1917. It was before this court for consideration in State v. Somberg, 113 Neb. 761, 204 N. W. 788. It provides: "It shall be unlawful for any person or persons within the corporate limits of the City of Omaha on the 1st day of the week, commonly called Sunday, to open to the public, or to sell, or offer to sell, give away or dispose of in any way, from any store, establishment or location where groceries, fruits, or vegetables are sold, any groceries, fruits, vegetables, or articles ordinarily sold from a grocery, fruit, or vegetable store or stand, or to open any meat market, sell, offer to sell, or give away from any such meat market, any meats or other products ordinarily sold or handled in meat markets, and all such stores, establishments and meat markets shall be closed on said day. PROVIDED, HOW-

EVER, that nothing herein contained shall extend to those who conscientiously observe the seventh day of the week as the Sabbath and in pursuance of such observation shall close and keep closed their store or meat market on the seventh day of the week, commonly known as Saturday." It also provides a misdemeanor penalty provision.

Each party offered affidavits in support of their motions for summary judgment.

The parties submit the fact issues here as to the nature of a grocery business or store as of the date of the passage of the ordinance in 1917. The pleadings and the affidavits are in agreement that the class 1 items were groceries in 1917 and since. There is disagreement as to whether the class 2 articles were "ordinarily sold from a grocery * * * store" at that time. The trial court found that "since before" 1917 the class 2 items were "ordinarily sold in drug stores."

The plaintiff contends here that the ordinance prohibits opening a store where groceries are sold on the Sabbath as well as selling or offering to sell them; that courts should take judicial notice of what are groceries; that class 2 items are in whole or in part groceries; and that breach of the ordinance by others does not justify defendant's breach. In this connection defendant offered its affidavit to the effect that the ordinance, if construed as plaintiff urges, is being openly violated by other business houses in the city of Omaha.

The defendant contends here that the ordinance properly construed does not require that a drug store, which on week days sells some groceries, be closed and sell nothing on Sundays and that if so construed, an ordinance which requires a "drug store," which sells some groceries on week days, to close up and sell nothing on Sundays, while other drug stores are permitted to remain open, or which puts restrictions on the kind of merchandise such drug store may sell on Sundays, while not similarly restricting other drug stores, is unconstitu-

tional and invalid as violative of the due-process and equal-protection clauses of the federal and state Constitutions.

It is to be remembered that this appeal comes here from an order entered under the summary judgment act. §§ 25-1330 to 25-1336, R. S. Supp., 1951.

The rules are: "The issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined." Illian v. McManaman, *ante* p. 12, 54 N. W. 2d 244. "A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered. * * * The court examines the evidence on motion for summary judgment, not to decide any issue of fact presented, but to discover if any real issue of fact exists." Dennis v. Berens, *ante* p. 41, 54 N. W. 2d 259.

The question of what items are within the language of "articles ordinarily sold from a grocery * * * store" is a question of fact. Where in dispute, as it is here, that fact cannot be properly determined in summary judgment proceeding. Accordingly, we must put aside any consideration here of those items which generally are within the class 2 items and likewise not determine the issues here presented as to those items.

We have then for consideration the fact that the defendant sells groceries, fruits, and vegetables in its store 6 days a week and refrains from such sales on Sunday. The question then is, is the defendant required by law to keep its store closed on Sunday?

The ordinance is in the disjunctive. The provisions applicable to the situation which we determine are as follows: "It shall be unlawful * * * on the 1st day of the week, commonly called Sunday, to open to the public * * * any store * * * where groceries, fruits, or vegetables are sold * * * and all such stores * * * shall

be closed on said day." The proviso reinforces the language of the above-quoted provision for in the case of observance of the seventh day as the Sabbath such a store "shall close" and be kept "closed" on Saturday.

The ordinance provides that any store where groceries, fruits, or vegetables are sold shall be closed on Sunday, or under the proviso shall be closed on Saturday. The ordinance makes illegal the keeping open of the store on Sunday (or Saturday) even though groceries, fruits, or vegetables are not sold therein on that day. See City of Pascagoula v. Henley, 169 Miss. 278, 153 So. 392. The trial court erred in decreeing otherwise.

This brings us to defendant's contention that if the ordinance is construed (1) so as to require it to keep its store closed on Sunday, or (2) so as to prohibit it from selling articles in class 2 on Sunday, it then is arbitrary and discriminatory between the defendant's drug store and other drug stores and thus violates the due-process and equal-protection clauses of the federal and state Constitutions.

For the reasons hereinbefore stated we limit our consideration here to the requirement of the ordinance that defendant close its store on Sunday because of its selling of class 1 articles on days other than Sunday. We find in the ordinance no discrimination between drug stores. The fallacy of defendant's argument is that it assumes the premise that it is within the classification of a drug store solely. Defendant operates a store which on 6 days a week engages in the drug store business, in the grocery store business, and perhaps other lines of business. On Sunday it seeks the classification of solely conducting a drug store business. The passage of time from Saturday night to Sunday morning does not change the nature of the business it conducts.

Defendant further contends there is discrimination in the enforcement of the ordinance in that other stores are permitted to sell principally the class 2 items and some of the class 1 items without prosecution or inter-

ference. That contention is answered in Arrigo v. City of Lincoln, 154 Neb. 537, 48 N. W. 2d 643, where we held: "To establish arbitrary discrimination inimical to constitutional equality, there must be more than a showing that a law or ordinance has not been enforced against others as it is sought to be enforced against the person claiming discrimination. * * * The failure to consistently enforce an ordinance does not destroy it. Abuse in its enforcement does not affect its validity."

Defendant further contends that if it be held that its operations are violative of the ordinance, it is a declaration which affects other stores and hence there is a lack of necessary parties under section 25-21,159, R. R. S. 1943, which provides in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Here the controversy is between the city and the defendant. Of course other store operators are interested but not in the issue as to whether or not the defendant has violated the ordinance, any more than they would be interested in the same issue if presented in a prosecution for a violation. See City of Independence v. Hindenach, 144 Kan. 414, 61 P. 2d 124, 107 A. L. R. 645.

The judgment of the trial court is reversed and the cause remanded with directions for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.