McCALEB, Justice
(concurring).
*855 I cannot agree that the City of New Orleans and the Vieux Carre Commission are or have been applying the ordinances involved with “an evil eye and an unequal hand, so as to practically make unjust and illegal discriminations between persons in similar circumstances” (see Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 1073, 30 L.Ed. 220) and have thus denied to appellant an equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.
The sum and substance of appellant’s charges is that his constitutional rights have been violated since many other similar or more severe violations of the city ordinances exist and that the city officials have permitted such violations by not taking any action to enforce the law. These complaints, even if established, would not be sufficient in my opinion to constitute an unconstitutional denial of equal protection to appellant as it is the well-settled rule of the Supreme Court of the United States and of all other State courts of last resort that the constitutional prohibition embodied in the equal protection clause applies only to discriminations which are shown to be of an intentional, purposeful or systematic nature. Snowden v. Hughes, 321 U.S. 1, 9, 64 S.Ct. 397, 88 L.Ed. 497, 503; Charleston Federal Savings & Loan Ass’n v. Alderson, 324 U.S. 182, 65 S.Ct. 624, 89 L.Ed. 857; City of Omaha v. Lewis & Smith Drug Co., 156 Neb. 650, 57 N.W.2d 269; Zorach v. Clauson, 303 N.Y. 161, 100 N.E.2d 463; 12 Am.Jur., Section 566 and State v. Anderson, 206 La. 986, 20 So.2d 288.
In State v. Anderson, this court quoted at length from the leading case of Snowden v. Hughes, supra, [321 U.S. 1, 9, 64 S.Ct. 401] where the Supreme Court of the United States expressed at some length the criteria to be used in determining whether an ordinance or statute, which is claimed to have been unequally administered, transgresses constitutional rights. The Supreme Court said:
“The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination. This may appear on the face of the action taken with respect to a particular class or person, of McFarland v. American Sugar Refining Co., 241 U.S. 79, 86, 87, 36 S.Ct. 498, 501, 60 L.Ed. 899 [904], or it may only be shown by extrinsic evidence showing a discriminatory design to favor one individual or class over another not to be inferred from the action itself, Yick Wo v. Hopkins, 118 U.S. 356, 373, 374, 6 S.Ct. 1064, 1072, 1073, 30 L.Ed. 220 [227, 228]. But a discriminatory purpose is not presumed, Tarrance v. State of *857 Florida, 188 U.S. 519, 520, 23 S.Ct. 402, 403, 47 L.Ed. 572 [573] ; there must be a showing of ‘clear and intentional discrimination,’ Gundling v. City of Chicago, 177 U.S. 183, 186, 20 S.Ct. 633, 635, 44 L.Ed. 725 [728]; see Ah Sin v. Wittman, 198 U.S. 500, 507, 508, 25 S.Ct. 756, 758, 759, 49 L.Ed. 1142 [1145, 1146]; Bailey v. State of Alabama, 219 U.S. 219, 231, 31 S.Ct. 145, 147, 55 L.Ed. 191 [197], Thus the denial of equal protection by the exclusion of negroes from a jury may' be shown by extrinsic evidence of a purposeful discriminatory administration of a statute fair on its face. Neal v. State of Delaware, 103 U.S. 370, 394, 397, 26 L.Ed. 567 [573, 574] ; Norris v. State of Alabama, 294 U.S. 587, 589, 55 S.Ct. 579, 580, 79 L.Ed. 1074 [1076] ; Pierre v. State of Louisiana, 306 U.S. 354, 357, 59 S.Ct. 536, 538, 83 L.Ed. 757 [759]; Smith v. State of Texas, 311 U.S. 128, 130, 131, 61 S.Ct. 164, 165, 85 L.Ed. 84 [86, 87]; Hill v. State of Texas, 316 U.S. 400, 404, 62 S.Ct. 1159, 1161, 86 L.Ed. 1559 [1562], But a mere showing that negroes were not included in a particular jury is not enough; there must be a showing of actual discrimination because of race. State of Virginia v. Rives, 100 U.S. 313, 322, 323, 25 L.Ed. 667 [670, 671]; Martin v. State of Texas, 200 U.S. 316, 320, 321, 26 S.Ct. 338, 339, 50 L. Ed. 497 [499]; Thomas v. State of Texas, 212 U.S. 278, 282, 29 S.Ct. 393, 394, 53 L.Ed. 512 [514]; cf. Williams v. State of Mississippi, 170 U.S. 213, 225, 18 S.Ct. 583, 588, 42 L.Ed. 1012 [1016],
“Another familiar example is the failure of state taxing officials to assess property for taxation on a uniform standard of valuation as required by the assessment laws. It is not enough to establish a denial of equal protection that some ar.e assessed at a higher valuation than others. The difference must be due to a purposeful discrimination, which may be evidenced, for example, by a systematic under-valuation of the property of some taxpayers and a systematic over-valuation of the property of others, so that the practical effect of the official breach of law is the same as though the discrimination were incorporated in and proclaimed by the statute. Coulter v. Louisville & N. R. Co., 196 U.S. 599, 607, 609, 610, 25 S.Ct. 342, 343, 344, 345, 49 L.Ed. 615 [617, 618] ; Chicago, B. & Q. R. Co. v. Babcock, 204 U.S. 585, 597, 27 S.Ct. 326, 328, 51 L.Ed. 636 [640]; Sunday Lake Iron Co. v. Wakefield Twp., 247 U.S. 350, 353, 38 S.Ct. 495, 62 L.Ed. 1154 [1156] ; Southern R. Co. v. Watts, 260 U.S. 519, 526, 43 S.Ct. 192, 195, 67 L.Ed. 375 [387]. Such discrimination may also be shown to be purposeful, *859 and hence a denial of equal protection, even though it is neither systematic nor long-continued. Cf. McFarland v. American Sugar Refining Co. [241 U.S. 79, 36 S.Ct. 498, 60 L.Ed. 899], supra.
“The lack of any allegations in the complaint here, tending to show a purposeful discrimination between persons or classes of persons is not supplied by the approbrious epithets ‘willful’ and ‘malicious’ * *
Tested in the light of the foregoing rule, it is clear that appellant has not been denied equal protection of the law. While it is true, as pointed out in the majority opinion, that there has not been a complete consistency on the part of the City and the Vieux Carre Commission in its administration of the ordinances applicable to the Vieux Carre section, it can hardly be said that the evidence establishes that the officials have acted either arbitrarily or capriciously or that there has been any purposeful discrimination as to individuals in that section by reason of their race, color, religion, politics or that any inequality in enforcement emanated from wrongful motives. Although the two architects (formerly members of the Vieux Carre Commission, who testified for the City) readily admitted that there were many unpunished violations of the ordinances applicable to this case, they were steadfast in their assertions that the Vieux Carre Commission has, throughout the years, given a sincere and honest effort in its administration of the Vieux Carre ordinances and they further stated that numerous affidavits had been filed in the Municipal Court charging infractions of the laws by various individuals. But, according to the evidence of one of these gentlemen, the Vieux Carre Commission has experienced much difficulty in having the cases brought to trial due in part to multiple continuances granted by the court and also that considerable trouble had been encountered by the failure of attaches of the municipal court to make timely service of citation on sundry defendants. Surely this evidence, which is uncontradicted, dispels any idea of an intentional or purposeful discrimination in the enforcement of the law.
But, despite my disagreement with the majority ruling that appellant has been denied an equal protection of the law, I am nevertheless convinced that the correct result has been reached in the case, which is an equitable proceeding in which the City is seeking a mandatory injunction to have appellant ordered to remove the “plexiglass” covering erected by him over his establishment in violation of two city ordinances. Since the City is invoking an equitable remedy, all equitable principles are applicable to the case and the granting or the denial of the relief prayed for lies within the sound discretion of the Court. See 28 Am.Jur. Sec. 3, p. 198. In deter *861 mining whether a court of equity should grant a mandatory injunction in a suit of this sort, the familiar maxim that “he who seeks equity must do equity” is applicable and it follows that, if the complainant is guilty of an incorrect practice or wrong conduct in the particular matter or transaction with respect to which he seeks an injunction, he will be denied relief. 28 Am. Jur. Sec. 33, pps. 66, 67. And, while it is axiomatic that a municipal corporation has the same privilege of seeking injunctions for the protection of the rights of the public as individuals have for protection of their own rights, “a municipal corporation is on the same footing as that upon which private persons and corporations may seek redress in a court of equity”. McQuillan, “Municipal Corporations”, Sec. 49.57, p. 292.
The evidence in the case at bar exhibits that the City has been guilty of such inconsistent conduct in the administration of its ordinances with respect to the coverings of buildings in the Vieux Carre that it cannot now expect a court of equity to grant it relief. The particular circumstance to which I refer is the fact that the Vieux Carre Commission granted to La Lune Cocktail Lounge, another establishment within the near vicinity of appellant’s place of business, permission to entirely and permanently enclose a courtyard, similar to the one involved here, with glass and steel directly in violation of the ordinances which are now being used as a basis for the equitable relief sought against appellant. The reason for the issuance of the permit to the La Lune Cocktail Lounge has not been explained by the City. And, while I reiterate that I do not think that the inconsistency of action in this instance operates as a denial to appellant of any constitutional right, I am convinced that it places the City in no position today to come into a court of equity for an order requiring appellant to remove the plexiglass covering, notwithstanding that he has erected it in violation of the two city ordinances pleaded herein.[1]
I concur in the decree.

. A mandatory injunction is, by its nature, one of the strongest weapons possessed by a court of equity and should only be issued when such relief is clearly warranted. “It is used where the injury is immediate and pressing, and irreparable, and clearly established by the proofs, and not acquiesced in by plaintiff * * * ”. Pomeroy “Equity Jurisprudence” 5th (ed) Sec. 1359, 1359(a).