Maurice JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14093.

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1967.

Sid White, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

The defendant, Maurice Johnson, was charged, tried and convicted in the District Court of Oklahoma County with the crime of Robbery with Firearms. Judgment and sentence fixing his punishment at 99 years imprisonment in the State Penitentiary at McAlester, was pronounced in accordance with the verdict of the jury, and a timely appeal was perfected to this Court by the filing of a Petition in Error with casemade attached on the 30th day of September, 1966. Thereafter, no briefs having been filed on behalf of Plaintiff in Error within the time provided by the rules of this Court or any valid extension thereof, this cause was summarily submitted on December 29, 1966, under the provisions of Rule 6 of this Court, 22 O.S.Supp.1965, c. 18 Appendix, the pertinent part thereof, providing:

"* * * in causes appealed from a conviction for a felony, counsel for plaintiff in error shall serve his brief upon the Attorney-General within thirty days from the date of filing his petition in error, and shall in appeals from both misdemeanor and felony cases, at the time of service on the Attorney-General, file five copies of said brief with the Clerk of this Court. * * * In all cases where no brief is filed by plaintiff in error within thirty days after filing his petition in error, and no extension of time to file brief is granted, the Court may summarily submit the cause without notice to counsel for plaintiff in error, for decision and without placing the case on the docket for oral argument as provided under Rule 9."

The sole assignment of error urged in the petition in error is that the County Attorney committed reversible error in his closing statement to the jury. A careful examination of the casemade discloses that the closing remarks of the County Attorney were not incorporated in the casemade.

It is well settled that counsel for defense must object to the alleged improper statements by the prosecutor at the time they are made, and move the court to exclude them from the consideration of the jury; and to make a proper record so that this Court may determine from an examination of the record, whether the alleged improper remarks were actually made, and if so, whether or not they were invited or provoked by opposing counsel's remarks. See Sweet v. State, 70 Okl.Cr. 443, 107 P.2d 817; and Bruster v. State, 40 Okl.Cr. 25, 266 P. 486.

In Stout v. State, 41 Okl.Cr. 42, 270 P. 90, we said:

"This court, in a long line of decisions, has held that in the trial of a criminal case, where improper argument is made, objection should be interposed and a request made to have the same taken in shorthand, and to exclude the same from the jury."

When this is not done and the sole assignment of error urged on appeal is that the County Attorney committed reversible error in his closing remarks to the jury, the judgment and sentence appealed from will be affirmed.

For the reasons above set forth, the judgment and sentence appealed from is affirmed.

NIX, P. J., and BRETT, J., concur.