**Percy Martin ROSENZWEIG and Lewis William Zettell, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 22933, 22934.**

United States Court of Appeals Ninth Circuit.

June 19, 1969.

B. W. Minsky (argued), of Minsky, Garber & Rudof, Los Angeles, Cal., for appellants.

Irving Prager, Asst. U. S. Atty. (argued), Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and * SOLOMON, District Judge.

SOLOMON, District Judge:

Percy Martin Rosenzweig and Lewis William Zettell were convicted of con-

* Honorable Gus. J. Solomon, United States District Judge, District of Oregon, sitting by designation.

spiracy to make and sell counterfeit notes in violation of 18 U.S.C. § 371 and of possessing counterfeit notes in violation of 18 U.S.C. § 472. They appeal. We affirm.

Appellants claim that (1) the grand and petit juries did not represent a cross-section of the community; (2) the Government should have been required to disclose the names of its witnesses; (3) there was no evidence that they conspired to make or sell counterfeit notes; (4) the trial court told the jury Appellants were guilty of conspiracy if they conspired to commit any offense against the United States; and (5) it was error to instruct that the jury could convict on the uncorroborated testimony of an accomplice.

Appellants claim that primary reliance on telephone directories for jury lists results in systematic exclusion of certain groups and inclusion of others. They do not allege intentional discrimination.

■ The Appellants did not meet their burden of proving that the jury commissioner did not "fairly and honestly endeavo[r] to discharge [his] duty," Thomas v. Texas, 212 U.S. 278, 283, 29 S.Ct. 393, 394, 53 L.Ed. 512 (1909), or that the composition of the juries did not fairly mirror the composition of the community. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed. 2d 759 (1965); Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946). Our statement in Bloomer v. United States, 409 F.2d 869 (9th Cir. 1969), applies here:

"In his contention that the jury commissioner failed to insure that the jury panel represented a cross-section of the community, Bloomer does little more than state an unsupported conclusion. This avails him nothing, as the burden to prove such alleged discrimination rested upon him. Swain v. Alabama * * * The record discloses that the jury commissioner, while perhaps not aware of the precise statistical make-up of the community, was nevertheless knowledgeable as to the many social, economic, and ethnic groups within the community and fairly attempted to insure that the jury lists included members of these groups. Bloomer, on the other hand, offered no data tending to prove systematic exclusion of any identifiable group within the community."

■ The Government is not required to disclose the names of its witnesses. United States v. Chase, 372 F.2d 453 (4th Cir. 1967); Edmondson v. United States, 402 F.2d 809 (10th Cir. 1968). Will v. United States, 389 U.S. 90, 88 S. Ct. 269, 19 L.Ed.2d 305 (1967), cited by Appellants is not in point. There the Supreme Court refused to order Judge Will to vacate an order requiring the prosecution to disclose its witnesses.

■ Appellants erroneously assert there was no evidence that they conspired to make or sell counterfeit notes. For example, Raymond Keith testified that he, the Appellants, and Alton Keller met and examined blank paper to be used in printing the counterfeit bills and they discussed generally whether counterfeit bills would be made and sold.

Appellants next contend the trial court's instructions permitted the jury to convict them of violating 18 U.S.C. § 371 if the jury found a conspiracy to violate *any* offense against the United States, and not the particular offense charged. We have read the instructions, and we do not believe the jury could possibly have reached that conclusion.

■ Finally, Appellants argue that the Court erred when it instructed that there can be a conviction on the uncorroborated evidence of an accomplice. The trial court correctly stated the law. Sabari v. United States, 333 F.2d 1019 (9th Cir. 1964).

Affirmed.

ELY, Circuit Judge (concurring):

I concur in the result.