**UNITED STATES of America,
Appellee,
v.
Frank GARCIA, Appellant.**

**No. 24116.**

United States Court of Appeals,
Ninth Circuit.

March 17, 1970.

Edward I. Gritz, Los Angeles, Cal., for appellant.

Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before ELY and KILKENNY, Circuit Judges, and BYRNE,* District Judge.

ELY, Circuit Judge:

Garcia appeals his conviction for having conspired with others to smuggle marijuana into the United States (21 U.S.C. § 176a) and for aiding and abetting in the smuggling of the marijuana (18 U.S.C. § 2). The judgments of conviction followed a jury's determination that Garcia was guilty of the two offenses charged in the indictment.

The appeal presents four principal contentions. The first is that the evidence was insufficient to support conviction, and in this connection, Garcia claims that the determination of his guilt rested, improperly, upon the uncorroborated testimony of an acknowledged accomplice. Our court has repeatedly held that the uncorroborated testimony of an accomplice is, of itself, sufficient to support conviction. *See, e. g.,* Darden v. United States, 405 F.2d 1054 (9th Cir.1969); Rosensweig v. United States, 412 F.2d 844 (9th Cir.1969). This notwithstanding, the fact is that there was independent evidence offered by the Government which corroborated the incriminating testimony of the accomplice.

■ Garcia's second contention is that the District Court erred in ruling that, if Garcia testified, the Government would be allowed to introduce proof, for impeachment purposes, that Garcia had previously been convicted of a felony. The prior conviction was for a similar offense also proscribed by 21 U.S.C. § 176a. The court's preliminary ruling was made outside the presence of the jury pursuant to a stipulation by Garcia's trial counsel that the prior conviction would be admissible for impeachment purposes. Garcia did not testify in his own behalf, and proof of the alleged previous conviction was never introduced. Garcia made no attempt to demonstrate to the trial court that his decision not to testify resulted from the preliminary ruling, and he is in no position, on this appeal, to complain of his counsel's stipulation.

■ Somewhat related to the immediately foregoing is Garcia's claim that he had not in fact been previously convicted of a "first offense" under 21 U.S.C. § 176a and that imposition of a fifteen-year term of imprisonment reflects that the sentencing judge was improperly influenced by his knowledge of the former offense. The basis of this contention is that while the alleged previous conviction occurred before the conviction from which this appeal is taken, the acts upon which the "first conviction" was based occurred subsequent to the time when the acts here in question were committed. Garcia relies upon Gonzalez v. United States, 224 F.2d 431 (1st Cir. 1955), and our case of Smith v. United States, 321 F.2d 954 (9th Cir.1963). The fallacy of Garcia's argument in this respect is that the District Court was authorized to sentence Garcia, even as a first offender, to a term of imprisonment of as much as twenty years on each of the two offenses of which he was found guilty. 21 U.S.C. § 176a. There is nothing in the record which supports speculation that the court considered the alleged prior conviction in connection with its imposition of sentence. In fact the court's comments expressly indicate that such alleged prior conviction was not considered. During the sentence proceedings, and before the sentence was pronounced, the court remarked, "Well, then, under the cases that you cited, I'll hold that the prosecution can not introduce the prior conviction as a prior offense."

■ Finally, Garcia argues that he was denied due process of law in that there was an unreasonable delay, approximately five months, between the time of his arrest and the time of his indictment. The Government argues that the record does not support the factual premise, contending that it should be in-

---

* Honorable William M. Byrne, Sr., Senior United States District Judge, Los Angeles, California, sitting by designation.

ferred from record entries that Garcia was not arrested until after his indictment and that his trial occurred very soon thereafter. Whatever may be the true facts in this respect, Garcia made no claim in the court below that he had been prejudiced on account of any delay, nor was the point presented to the District Court in any manner whatsoever. *See* Benson v. United States, 402 F.2d 576 (9th Cir.1968). *Compare* United States v. Walton, 411 F.2d 283 (9th Cir. 1969).

Affirmed.