**Richard CARWILE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16272.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1971.

Harry T. Twine, Muskogee, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Richard Carwile, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Muskogee County for the offense of Murder; his punishment was fixed at life imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Cornelia Griffin resided at 415 Kenny Street in Muskogee, Oklahoma. She testified that at approximately 2:00 or 3:00 on the afternoon of December 2, 1969 (from the other witness's testimony, December 1, 1969, was the correct date), the defendant, Rosa Mae French, Robert Williams, and a person known as Lindsay were at her home. She and Rosa Mae French

had several drinks, and had become engaged in an argument. A small fight ensued between the two of them, which was broken up by the men. She went into the kitchen and heard the defendant say, "you goddamn son-of-a-bitch, I'll kill you," and Lindsay say, "Richard you put that back into your pocket." She rushed to the door, and saw the defendant shoot Rosa Mae French. The defendant left shortly thereafter, stating that he was going home. Cornelia Griffin was seventy-one years of age, and Rosa Mae French was approximately seventy.

Dr. Randall, a pathologist, performed an autopsy, and in his opinion, Rosa Mae French died of a gunshot wound in the chest. The bullet entered in the left chest at about the fifth rib, and exited. He could not determine the caliber of the weapon, and did not observe powder burns on the victim.

Officer Bean was called to the scene at approximately 3:40 p. m. on December 1, 1969. He observed Rosa French lying on the floor, and she appeared to be dead. He testified that in his investigation, he recovered a .38 caliber bullet inside a portable clothes closet. The closet had a bullet hole approximately three feet from the floor.

Detective Bradley arrived at approximately the same time as Officer Bean. After examining the scene, he went to the defendant's home, which was approximately two hundred feet from Cornelia Griffin's residence. He knocked on the door, and when the defendant came to the door of the porch, informed him he was under arrest for shooting Rosa Mae French. He observed a .38 caliber gun laying on a box inside the porch. The gun contained one spent shell, and four live shells. He testified that in his opinion, it had been recently fired.

Investigator John Thornton examined the scene. He testified that after making an investigation, that in his opinion, the slug found in the closet was the same bullet fired through the victim. He took the exhibits to the crime bureau, wherein an accurate ballistics test could not be made, because there was no rifling in the barrel of the gun.

Officer Cannon assisted in the arrest of the defendant. He testified that the defendant had been drinking. He advised the defendant of his Miranda rights, and the defendant did not make a statement.

The defendant testified that he was sixty-two years of age, and was a janitor at the library. He went to Cornelia Griffin's home the morning of December 1, 1969, and left at approximately 10:30 a. m. Rosa Mae French, Mrs. Griffin, Robert Williams, and a person whom he did not know by name were there when he left. He went home, and was asleep when the officers came to his house. He did not shoot Rosa French, and stated she was alive when he left. He had not been drinking that day, or the preceding evening. He admitted that he owned a gun and that the officers took a gun from his house. He had not carried the gun that day, and had left it on his front porch. He had fired the gun about a month ago into the ground.

■ The first two propositions assert that the evidence was insufficient to sustain the verdict. The defendant argues that if Cornelia Griffin was incorrect in her testimony, that the shooting occurred on December 2, rather than December 1, there would be reasonable doubt that the defendant shot Rosa French. This Court has consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970). We are of the opinion that there was ample evidence in the Record to support the verdict of the jury, and this Court will not substitute its judgment for that of the jury.

The next proposition contends that the court erred in admitting ·into evidence the .38 revolver and spent slug. This contention is based on the premise that the weapon was not properly tagged or marked by the officers and that the State failed to prove that it was used to shoot Rosa Mae French. The Record reveals that Detective Bradley positively identified the weapon introduced into evidence as the weapon he took from the defendant's porch. The defendant testified that he owned a .38 caliber gun and that the officers took his gun at the time he was arrested. Officer Bean identified the .38 caliber slug found at the scene. In Cottrell v. State, Okl.Cr., 458 P.2d 328 (1969), we stated:

"The general rule governing admission of physical objects into evidence was set forth in Calhoun v. State, Okl.Cr., 406 P.2d 701 as follows:

'Before physical object * * * is admitted into evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, *the lack of positive identification goes to the weight of such evidence rather than its admissibility.*' [Emphasis Added]"

We are of the opinion that the exhibits were sufficiently identified and connected with the crime and that the trial court properly admitted the same into evidence.

■ The final proposition asserts that the District Attorney made prejudicial remarks in his closing argument. The Record does not contain the closing arguments nor a request that they be transcribed. It further reflects that the defendant did not object to any improper remarks. This issue was raised by the defendant for the first time in his motion for new trial filed some eight days after trial.

In Pitts v. State, Okl.Cr., 431 P.2d 449 (1966), we stated:

"It has long been the rule that defense counsel has the responsibility to request, and such request must be made of the court reporter at *each* trial, when he desires to have the closing argument reported. It is defense counsel's sole responsibility to preserve and protect his own record, and that responsibility cannot be shifted to one not a participant in our adversary system of jurisprudence."

We further stated in Pitts v. State, supra, that:

"[8, 9] It is well settled that counsel for defense must object to the alleged improper statements by the "prosecutor at the time they are made, and move the court to exclude them from the consideration of the jury; and to make a proper record so that this Court may determine from an examination of the record, whether the alleged improper remarks were actually made, and if so, whether or not they were invited or provoked by opposing counsel's remarks. See: Sweet v. State, 70 Okl.Cr. 443, 107 P.2d 817; and Bruster v. State, 40 Okl.Cr. 25, 266 P.2d 486."

The defendant did not properly preserve this allegation of alleged error, and we, therefore, must find it to be without merit.

In conclusion, we observe the Record is free of any error which would require reversal or justify modification, and under such circumstances, the judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.