**Terry Royce BYRD and Eddie Joe Ringgold, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–74–538.**

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1975.

Virgil L. Upchurch, Anadarko, for appellants.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Terry Royce Byrd and Eddie Joe Ringgold, hereinafter referred to as defendants, were charged, tried and convicted conjointly in the District Court, Blaine County, Oklahoma, Case No. CRF-73-508, of the offense of Unlawful Possession of Marijuana in violation of 63 O.S. 1971, § 2-402. Their punishment was fixed at a term of three (3) months confinement in the Blaine County jail. From said judgment and sentences the defendants have perfected a timely appeal to this Court.

Briefly stated, the facts adduced at trial are as follows. On September 15, 1973, the defendants were stopped by Highway Patrol Troopers L. W. Morgan and LeRoy Jacks on State Highway 8 located in Blaine County. The officers had observed a 1973 Dodge Van, which defendant Byrd was driving and in which defendant Ringgold was a passenger, run off the right shoulder of the highway. Defendant Byrd was observed to stagger as he got out of the vehicle. Defendant Ringgold was asked to step from the vehicle at which time both were arrested. Defendant Byrd's wife, also a passenger in the vehicle, was directed to drive the vehicle to the Sheriff's office in Watonga, Oklahoma. The defendants were transported to the Sheriff's office in the patrol vehicle. Defendant Byrd was given a breathalyzer test as both defendants appeared to be under the influence of "something" in the opinion of both officers. The test revealed no alcohol. Defendant Byrd thereafter signed a consent to search his vehicle and the vehicle was searched revealing a black leather tobacco pouch which was found in the glove compartment containing a green substance, which was later identified as marijuana by Donald A. Flynt, chemist for the State Bureau of Investigation.

Both defendants denied any knowledge of the presence of the marijuana in the van and both denied being under the influence of anything. Defendant Byrd's wife, who was at the scene and his parents, who were called to the Sheriff's office shortly after the arrest of the defendants, also testified that in their opinion the defendants were not under the influence of anything.

The defendants' sole proposition alleges they were denied due process of law by reason of the court reporter's failure to report the entire closing argument.

The record reveals that the court reporter took all proceedings in the trial up to the time that counsel began the closing argument at which time the reporter left the court room and was not recalled to begin reporting the case again until the defendant's attorney requested that he be recalled in order that he might record an objection to a statement made by the prosecutor during his closing argument.

The defendants, for authority, cite 20 O.S.1971, § 106.4 which states in part:

"(a) The court reporter shall make a full reporting by means of stenographic hand, steno-mask or machine notes, or a combination thereof, of all proceedings, including the statements of counsel and the court and the evidence, in trials and other judicial proceedings to which he is assigned by the appointing judge unless

excused by the judge who is trying the case with the consent of the parties to the action. . . . A refusal of the court to permit or to require any statement to be taken down by the court reporter or transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, or other appellate court shall constitute a denial of due process of law."

In the case of Higgins v. State, Okl.Cr., 506 P.2d 575 (1973), this Court had an occasion to rule on an identical proposition. In *Higgins,* supra, this Court at page 578 of the official opinion stated:

"The first of five propositions advanced by appellant urges that the trial court committed error in failing to report all stages of the proceeding which appellant contends are statutorily required by 20 O.S.1971, § 106.4, and that by reason of that omission the appellant is precluded from bringing before this Court prejudicial and damaging remarks made by the State during closing arguments. We find this proposition to be without merit.

"Initially, we hold that 20 O.S.1971, § 106.4 which statutorily outlines the duties of court reporters, does not mandate the taking down of all testimony in all instances. The record fails to bear out appellant's contention that he requested the reporter be brought into the court to resume reporting and that the closing argument be reported. Further, the Attorney General points out, and quite correctly, that a defendant in a criminal case may waive any statutory or constitutional right either by express agreement or conduct or by such failure to insist upon it seasonably. In Re Dare, Okl.Cr., 370 P.2d 846 (1962).

"In addition, the record is clear that counsel for the appellant, capable and experienced criminal trial lawyers, did not avail themselves of the time honored method in Oklahoma courts for the proper preservation of improper comments or arguments in the trial of a criminal case.

It has long been the law in this jurisdiction that where an improper comment is made counsel for the defendant must object to the comments at the time they are made, request to have them taken down in shorthand, move the court to exclude such remarks from consideration of the jury, and make sufficient records so that the Court of Criminal Appeals may determine whether the alleged improper remarks were actually made, and if so, whether they were invited or provoked by opposing counsel's remarks. Johnson v. State, Okl.Cr., 423 P.2d 886 (1967)."

In the instant case it is therefore our opinion that this proposition is without merit.

The judgments and sentences appealed from are accordingly affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.